**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

09 CV 603

-------------------------------------------------------------- x

CYAN CONTRACTING CORP.,                              Civil Action Number:

                  Plaintiff,      _____

     -against-                                   **NOTICE OF REMOVAL**

THE NEW YORK STATE DORMITORY
AUTHORITY and NGM INSURANCE
COMPANY,

               Defendants.

-------------------------------------------------------------- x



    Defendant, NGM Insurance Company, a/k/a National Grange Mutual Insurance Company ("National Grange") through its counsel, McElroy, Deutsch, Mulvaney & Carpenter, LLP, hereby submits this Notice of Removal pursuant to 28 U.S.C. § 1441, *et seq.* and alleges the following:

    1.    On or about December 17, 2008, plaintiff, Cyan Contracting Corporation ("Cyan"), filed a civil action against defendants, National Grange and nominal defendant, the New York State Dormitory Authority ("DASNY"), as stakeholder, in the Supreme Court of the State of New York, New York County, which is identified by Index No. 603731/08 (hereinafter referred to as the "State Action").

    2.    True and accurate copies of the Summons and the Notice of Motion for Summary Judgment in Lieu of Complaint filed by Cyan in the State Action are attached hereto as **Exhibit "A"**. The Summons and Notice of Motion filed by Cyan in the State Action shall be referred to hereinafter as the "Summons" and the "Motion."

3.      The Summons and the Motion constitute all of the process, pleadings, and orders served on defendants in the State Action.

4.      Upon information and belief, Cyan is a corporation duly organized and existing by virtue of the laws of the State of New York.  Cyan's principal place of business is located at 150-03 14th Road, Second Floor, Whitestone, New York 11357.

5.      At the time the State Action was commenced National Grange was, and continues to be, a corporation organized and existing by virtue of the laws of the State of Florida with its principal place of business located at 4601 Touchton Road East, Suite 3400, Jacksonville, Florida 32246.

6.      At the time the State Action was commenced DASNY was, and continues to be, a public benefit corporation organized and existing by virtue of the laws of the State of New York and maintains an office at One Penn Plaza, 52nd Floor, New York, New York 10119.

7.      There was at the time the State Action was filed, and there continues to be, complete diversity of citizenship between Cyan and National Grange, as contemplated by 28 U.S.C. § 1332 and 28 U.S.C. § 1441.

8.      DASNY is named to this lawsuit merely as a nominal defendant, as DASNY is the stakeholder of the funds at issue in an underlying dispute between Cyan and National Grange.  As such, DASNY's presence as a New York public benefit corporation does not destroy diversity jurisdiction.  See Sentry Marketing, Inc. v. Unisource Worldwide, Inc., 42 F.Supp.2d 188 (N.D.N.Y. 1999) (indicating test of whether or not named defendant is nominal party is if "his role in the law suit is that of a depository or stakeholder").  Indeed, as a mere stakeholder, DASNY is not an indispensable party, and Cyan's naming DASNY to this lawsuit as a nominal defendant cannot defeat diversity jurisdiction.  See Sentry Marketing, Inc., 42 F.Supp.2d 188;

see also Keoseian v. Von Kaulbach, 1988 WL 79574, 88-cv-1544 (S.D.N.Y. July 18, 1988), citing Salem Trust Co. v. Manufacturers' Finance Co., 264 U.S. 182 (1924) (holding stakeholder nominal defendant with presence in same state as plaintiff did not defeat diversity jurisdiction because nominal defendant was not indispensable party, had no interest in controversy, and its only obligation was to pay over amount that it held when court ascertained which party was entitled to it).

9.    National Grange issued certain bonds to Cyan in connection with the performance of certain public works projects in the State of New York.

10.    Cyan's Motion seeks the release of funds in excess of $75,000.00 that are being held by DASNY, as stakeholder, which funds were assigned by Cyan to National Grange.

11.    Cyan's Motion also alleges that National Grange has caused Cyan damages of "not less than $1 million" as the result of "refusing to provide its consent to reduce retainage on the Infrastructure Project." National Grange denies this allegation.

12.    This Court has original jurisdiction over the State Action pursuant to 28 U.S.C. § 1332 for the following three reasons: (1) complete diversity of citizenship existed at the time the State Action was filed as between Cyan and National Grange, and it continues to exist; (2) DASNY's presence as a New York public benefit corporation does not destroy diversity jurisdiction, as DASNY is a mere stakeholder and nominal defendant; and (3) based on Cyan's Motion, the amount in controversy in the State Action exceeds $75,000, exclusive of interest and costs.

13.    The requirement under 28 U.S.C. 1446(b) that all defendants join in the notice of removal has been satisfied, as DASNY's consent to remove the State Action to Federal Court is not required because of DASNY's status as a nominal defendant. See Sentry Marketing, Inc. v.

<u>Unisource Worldwide, Inc.</u>, 42 F.Supp.2d 188 (N.D.N.Y. 1999) (holding nominal or formal parties not required to join in removal petition).

14.     The Summons and the Motion were served on National Grange by service on the Insurance Department of the State of New York on December 22, 2008.

15.     More than thirty days have not elapsed since National Grange was served with the Summons and Motion.  This Notice of Removal is, therefore, timely pursuant to 28 U.S.C. § 1446(b).

16.     This Court has authority to remove the entire action presented by Cyan's Motion pursuant to 28 U.S.C. § 1441, *et seq.*

WHEREFORE, National Grange prays that the State Action be removed to this Court.

> McELROY, DEUTSCH & MULVANEY, LLP
> Attorneys for Defendants,
> NGM Insurance Company, a/k/a National Grange
> Mutual Insurance Company

Dated: January 21, 2009          By: _____
                                       *Adam R. Schwartz*
                                       Adam R. Schwartz
                                       Wall Street Plaza
                                       88 Pine Street, 24th Floor
                                       New York, New York 10005
                                       (212) 483-9490

1225545-1

# EXHIBIT A



**INSURANCE DEPARTMENT**
**STATE OF NEW YORK**
**One Commerce Plaza**
**Albany, NY 12257**

RECEIVED

DEC 2 9 2008

OFFICE OF THE GENERAL COUNSEL

LAW DEPT

JAN 05 2009

STATE OF NEW YORK

Supreme Court, County of NEW YORK

CYAN CONTRACTING CORPORATION    $475337$    Plaintiff(s)    603731/08

against

The New York State Dormitory Authority    Defendant(s)
NGM Insurance Company

RE : NGM Insurance Company formerly known as    National Grange Mutual Insurance Company
Attorney for Plaintiff(s) and Defendant(s) please take notice as follows:

Attorney for  Plaintiff(s) is hereby advised of acknowledgement of service upon this Department  Summons
with Notice in the above entitled action on December 22, 2008 at Albany, New York. The $ 40.00 fee is
also acknowledged.

Original to Attorney for Plaintiff(s):

King & King, LLP
Attorneys at Law
27-12  37th Avenue
Long Island City, New York 11101

Persuant to the requirement of section 1212 of the Insurance Law, Defendant(s) is hereby notified of service
as effected above. A copy of the paper is enclosed.

Duplicate to Defendant:

William C McKenna
NGM Insurance Company
4601 Touchton Road East Suite 3400
Jacksonville, Florida 32246

*Clark J. Williams*

**Clark J. Williams**
**Special Deputy Superintendent**

Dated Albany, New York, December 22, 2008
445646

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------X
CYAN CONTRACTING CORPORATION

                                 Plaintiffs,

          - against -

NATIONAL GRANGE MUTUAL
INSURANCE COMPANY,
THE NEW YORK STATE DORMITORY
AUTHORITY

                             Defendants.
-------------------------------------------------------------------X

Index No. *603731/08*

**SUMMONS**

LAW DEPT

JAN 05 2009

**TO THE ABOVE NAMED DEFENDANTS:**

To the above-named defendants:

      You are hereby summoned and required to submit to plaintiff's attorney your answering papers on this motion within the time provided in the notice of motion annexed hereto.  In case of your failure to submit answering papers, summary judgment will be taken against you by default for the relief demanded in the notice of motion.

      The basis of venue is that the Dormitory Authority of the State of New York has facilities involved in the action located in New York County.

Dated:  December 17, 2008
          Long Island City, NY 11101

                                 King & King, LLP
                                 27-12 37th Ave.
                                 Long Island City, NY 11101
                                 (718) 896-6554

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------X

CYAN CONTRACTING CORPORATION

Index No. 603731/08

                  Plaintiffs,

       - against -

NATIONAL GRANGE MUTUAL
INSURANCE COMPANY,
THE NEW YORK STATE DORMITORY
AUTHORITY

**NOTICE OF MOTION FOR
SUMMARY JUDGMENT IN
LIEU OF COMPLAINT**

                 Defendants.
------------------------------------------------------------------X

      PLEASE TAKE NOTICE that upon the annexed affirmation of Karl Silverberg sworn to

on December 17, 2008 (Exhibit 1), the affidavit of Leonard O'Connor sworn to on December 17,

2008 (Exhibit 2), and a true and accurate copy of the judgment duly rendered against National

Grange Mutual Insurance Company ("National"), and in favor of this plaintiff, which judgment

was filed, docketed, and entered on by the Clerk of Court for the United States District Court for

the Southern District of New York on July 9, 2008, dismissing National's counterclaim and

third-party complaint, and National having not filed and served a request to reinstate the case by

the appointed time; now, the plaintiff will move this court, at the Motion Support Office

Courtroom at the Courthouse of this Court located at 60 Centre Street, New York, New York

10007, to be returnable on February 6, 2009, 9:30 a.m., in Room 130, or as soon thereafter as

counsel can be heard, for an order directing the entry of summary judgment for Cyan Contracting

Corporation ("Cyan"), plaintiff, for the following relief:

         a.      An order that the New York State Dormitory Authority ("DASNY") will bear no

                  liability to National by releasing Cyan's Infrastructure Project retainage to Cyan;

2

b.    An order that DASNY release the Infrastructure Project retainage so that the contract balance is 1%, so that $190,055.60 is released;

c.    An order setting forth a date for a hearing on Cyan's damages against National for National's refusing to provide its consent to reduce retainage on the Infrastructure Project, which damages are in an amount to be proven at a hearing, and which damages are not less than $1 million;

d.    An order nullifying Cyan's assignments to National;

e.    An order that DASNY will bear no liability to National by DASNY releasing funds to Cyan previously assigned to National;

f.    An order that DASNY release project funds previously held under assignment as such funds become available;

g.    An order setting forth a date for a hearing on Cyan's damages against National for National's refusing to release Cyan from its assignment of contract funds, which damages are in an amount to be proven at a hearing, and which damages are not less than $1 million;

h.    That should this motion be denied, that the moving and answering papers shall be deemed the complaint and answer, respectively; and,

i.    Such other and further relief as this court may deem just and reasonable including punitive damages, interest, costs, and attorney fees.

Answering papers are required to be served on plaintiff's attorney on or before January 30, 2009.

3

Dated: December 17, 2008
   Long Island City, New York

          King & King, LLP
          *Attorneys for Plaintiff*
          *Cyan Contracting Corporation*

     By: _____
           Karl Silverberg, Esq.
          27-12 37th Ave.
          Long Island City, N.Y. 11101
          (718) 896-6554

To:

National Grange Mutual
Insurance Company

The New York State Dormitory
Authority

4

# EXHIBIT 1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------X
CYAN CONTRACTING CORPORATION

                            Plaintiffs,                Index No.

       - against -

NATIONAL GRANGE MUTUAL                    **AFFIRMATION OF**
INSURANCE COMPANY,                         **KARL SILVERBERG**
THE NEW YORK STATE DORMITORY
AUTHORITY

                          Defendants.
------------------------------------------------------------------X

       Karl Silverberg, an attorney duly licensed to practice law in the State of New York, affirms that the foregoing statements are true, under penalty of perjury:

       1.  I am an attorney with the law firm of King & King LLP, who are of the attorneys for plaintiff Cyan Contracting Corporation ("Cyan"), and I am fully familiar with the proceedings heretofore and the facts hereinafter stated.

       2.  I submit this affirmation in support of Cyan's motion for summary judgment in lieu of a complaint.


**Summary of Facts**

       3.  Cyan contracted with the Dormitory Authority of the State of New York ("DASNY") for five separate projects.

       4.  DASNY will not release Cyan's retainage on one particular project, the Infrastructure Project, because Cyan's surety, National Grange Mutual Insurance Company ("National"), has not given its consent to release the retainage.

       5.  National has no justification for withholding its consent to release retainage.

6. Cyan seeks an order compelling DASNY to release the retainage notwithstanding National's failure to provide its consent, and an order protecting DASNY from liability to National for releasing the retainage.

7. National also holds assignments of Cyan's contract funds on several projects as security against any losses National may claim.

8. In a federal action, all National's claims against Cyan were dismissed with prejudice; therefore, National has no basis to withhold its consent to reduce retainage, and National has no basis to maintain the assignments of contract funds.

**Federal Action Judgment**

9. Attached as Exhibit A is a true copy of the civil docket sheet for the case *Cyan Contracting Corporation and Leonard O'Connor vs. National Grange Mutual Insurance Company*, U.S. District Court, Southern District of New York, No. 07-CV-3749 (LAK), (the "Federal Action").

10. On July 9, 2008, the Clerk of Court filed, docketed, and entered an order of Judge Lewis A. Kaplan, United States District Court, which order states, "Case dismissed with prejudice and without costs subject to right to reinstate by serving and filing a notice to that effect on or before 9/8/08, if the settlement is not executed by then. (Signed by Judge Lewis A. Kaplan on 7/9/08) (pl) (Entered: 07/09/2008)." Attached as Exhibit B a copy of the endorsed letter stating the order. See also the civil docket sheet, Exhibit A.

11. By orders filed September 11, 2008, and September 24, 2008, Judge Kaplan extended the deadline to reinstate the case to October 1, 2008. See civil docket sheet, Exhibit A.

12. National has not served a notice requesting the Federal Action be reinstated.

2

13. National has not filed a notice requesting the Federal Action be reinstated.

14. National has made no request to the court in the Federal Action requesting the Federal Action be reinstated.

15. National has not settled the Federal Action with Cyan, or with the other parties to the Federal Action.

16. As such, the Federal Action is dismissed with prejudice.

17. The last item on the civil docket sheet, filed November 14, 2008, is an endorsed letter from King & King requesting certainty that the case is in fact dismissed with prejudice. Attached as Exhibit C is a copy of the endorsed letter.

**Background Facts: Failure to Release Retaiange**

18. Cyan installs fire sprinkler and fire suppression systems.

19. Cyan contracted with DASNY for five separate projects.

20. As required by DASNY, National wrote performance and payment bonds on behalf of Cyan (the "Bonds").

21. As a condition to National supplying Cyan the Bonds, Cyan, Leonard O'Connor, Cyan's president, and Sandra O'Connor, Leonard O'Connor's wife, (the "O'Connors") executed an indemnity agreement with National whereby Cyan and the O'Connors agreed to reimburse National for any losses National incurred from providing Cyan the Bonds (the "Indemnity Agreement").

22. As part of Cyan's DASNY contracts, DASNY withholds about 5% of contract funds until the end of the project, which funds are known as retainage.

3

23. Before DASNY releases Cyan's project retainage, DASNY requires the consent of the surety, in this case National.

24. One of the DASNY contracts was the Bellevue Infrastructure project, Contract 97178/CR119 ("Infrastructure Project").

25. National has failed to provide its consent to reduce Cyan's retainage on the Infrastructure Project.

26. National has no basis to withhold its consent to reduce Cyan's retainage now that the Federal Action is dismissed with prejudice.

**Background Facts: Assignments to National**

27. On May 10, 2006, Cyan entered into a an agreement with National (the "May 10th Agreement"). Attached as Exhibit D is the May 10th Agreement.

28. The May 10th Agreement states, Paragraph 4, "In order to indemnify and hold National Grange harmless from any loss, cost, damage or expense as a result of the issuance of any bond on behalf of Cyan . . . .(a) Cyan will execute and return to National Grange . . . an original assignment of proceeds . . . on the following DASNY Projects to National Grange as surety for Cyan . . . ."

29. Attached as Exhibit E is the assignment from Cyan to National for the Bellevue Site Utilities, Contract 83700/CR32, and DASNY's docket sheet showing an assignment from Cyan to National docketed May 11, 2006, in the amount of $20,358.49.

30. Attached as Exhibit F is the assignment from Cyan to National for the Bellevue 10th, 16th, 17th Floors, Contract 92456/CR67, and DASNY's docket sheet showing an assignment from Cyan to National docketed May 11, 2006, in the amount of $81,183.43.

4

31. Attached as Exhibit G is the assignment from Cyan to National for the Queens Supreme Court, Contract 81052/CR200, and DASNY's docket sheet showing an assignment from Cyan to National docketed May 11, 2006, in the amount of $102,572.65.

32. As stated in the May 10th Agreement, the assignments were made "to indemnify and hold National Grange harmless from any loss, cost, damage or expense as a result of the issuance of any bond on behalf."

33. Cyan's indemnity obligations to National have been extinguished because National's counterclaim against Cyan in the Federal Action has been dismissed with prejudice.

34. National has no basis to maintain the assignments.


**National's Counterclaim**

35. Cyan and Leonard O'Connor commenced the Federal Action against National.

36. National answered the complaint and brought a counterclaim against Cyan and Leonard O'Connor, and a third party complaint against Sandra O'Connor (the "Counterclaim"). Attached as Exhibit H is National's answer, counterclaim, and third-party complaint.

37. National's Counterclaim seeks recovery of past, present, and future losses, that National incurred or will incur from writing the Bonds for Cyan, and National seeks security for future losses.

38. The Counterclaim's "First Count" is for "Contractual Indemnity," and states:

    a. Paragraph 13: The Indemnitors [Cyan and the O'Connnors] have failed to honor their obligations under the Indemnity, Agreement, the May 10, 2006 Agreement and/or the Completion Contract, and are in breach of the Indemnity Agreement, the May 10, 2006 Agreement and/or the Completion Contract.

b. Paragraph 14: As a direct and/or proximate result of the Indemnitors' breach, NGM has been damaged, and NGM has incurred substantial unreimbursed losses, costs and expenses.

c. Paragraph 15: NGM will incur additional losses as well as further costs and expenses in connection with bonds that it issued to Cyan.

d. Wherefore: National . . . demands judgment . . . for an order declaring each of the Indemnitors jointly and severally liable to NGM for all loss, costs, expense, and attorneys' fees incurred or to be incurred by NGM as a result of its having executed the bonds.

e. Wherefore: National . . . demands judgment . . . for an order directing the Indemnitors to place with NGM collateral in the form of money, property, liens or security interests in property, as determined by NGM to be ample collateral security for its outstanding obligations under the bonds.

39. The Counterclaim's "Second Count" is for "Subrogation," and states:

a. Paragraph 17: As a result of having executed the Bonds, NGM has satisfied, and may continue to satisfy claims against the bonds in connection with the Bonded Contracts.

b. Paragraph 18: To the extent that NGM has made, or will make, payments to extinguish debts arising from the Bonded Contracts, NGM has, and will, become subrogated to the rights of others who have, will have, or have had, claims against Cyan in connection with the Bonded Contracts.

    c.  Wherefore: National . . . demands judgment . . . for damages in an amount equal to any payments made by NGM to discharge Indemnitors' debts and obligations incurred in connection with the Bonded Contracts.

    d.  Wherefore: National . . . demands judgment . . . for an order declaring the Indemnitors liable to NGM in an amount equal to any further payments that NGM becomes obligated to make pursuant to its obligations under the bonds, together with appropriate interest thereon.

40. The Counterclaim's "Third Count" is for "Common Law Indemnification," and states:

    a.  Paragraph 21: NGM is entitled to be indemnified by the Indemnitors for any and all loss incurred under the bonds.

    b.  Wherefore: National . . . demands judgment . . . for an order declaring the Indemnitors liable to NGM for any and all liability, loss, cost, expense, and attorneys' fees incurred or to be incurred by NGM as a result of its having executed the bonds.

41. The Counterclaim's "Fourth Count" is for "Exoneration," and states:

    a.  Paragraph 26: NGM is entitled to be exonerated by the Indemnitors against and from any and all liability or loss arising from the bonds.

    b.  Wherefore: National . . . demands judgment . . . for an order declaring the Indemnitors liable to NGM for any and all liability, loss, cost, expense, or attorneys' fees incurred or to be incurred by NGM as a result of its having executed the bonds.

42. National's Counterclaim is dismissed with prejudice.

43. As such, Cyan's obligations to National are extinguished, and National has no basis to withhold its consent to reduce retainage on the Infrastructure Project, and National has no basis to maintain its assignments.

WHEREFORE Cyan seeks an order directing the entry of summary judgment for the following relief:

a.    An order that DASNY will bear no liability to National by releasing Cyan's Infrastructure Project retainage to Cyan;

b.    An order that DASNY release the Infrastructure Project retainage so that the contract balance is 1%, so that $190,055.60 is released;

c.    An order setting forth a date for a hearing on Cyan's damages against National for National's refusing to provide its consent to reduce retainage on the Infrastructure Project, which damages are in an amount to be proven at a hearing, but not less than $1 million;

d.    An order nullifying Cyan's assignments to National;

e.    An order that DASNY will bear no liability to National by DASNY releasing funds to Cyan previously assigned to National;

f.    An order that DASNY release project funds previously held under assignment as such funds become available;

g.    An order setting forth a date for a hearing on Cyan's damages against National for National's refusing to release Cyan from its assignment of contract funds, which damages are in an amount to be proven at a hearing, and which damages are not less than $1 million;

8

h.   That should this motion be denied, that the moving and answering papers shall be deemed the complaint and answer, respectively; and,

i.   Such other and further relief as this court may deem just and reasonable including punitive damages, interest, costs, and attorney fees.

Dated: December 17, 2008

    Long Island City, NY

_____
Karl Silverberg, Esq.

# EXHIBIT A

# U.S. District Court
## United States District Court for the Southern District of New York (Foley Square)
## CIVIL DOCKET FOR CASE #: 1:07-cv-03749-LAK

Cyan Contracting Corporation et al v. National Grange
Mutual Insurance Company
Assigned to: Judge Lewis A. Kaplan
Cause: 28:1332 Diversity-Other Contract

Date Filed: 05/11/2007
Date Terminated: 07/09/2008
Jury Demand: Plaintiff
Nature of Suit: 190 Contract: Other
Jurisdiction: Diversity

<u>Plaintiff</u>

**Cyan Contracting Corporation**          represented by  **Karl Judah Silverberg**
King & King LLP
27-12 37th Ave.
Long Island City , NY 11101
(718)-896-6554
Fax: (718)-275-5081
Email: ksilverberg@king-king-law.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

<u>Plaintiff</u>

**Leonard O'Connor**          represented by  **Karl Judah Silverberg**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

<u>Defendant</u>

**National Grange Mutual Insurance
Company**          represented by  **Scott Aaron Levin**
McElroy, Deutsch, Mulvaney &
Carpenter, LLP (NY)
Wall Street Plaza, 88 Pine Street,
24th Floor
New York , NY 10005
(212)-483-9490
Fax: (212)-483-9129
Email: slevin@mdmc-law.com
*ATTORNEY TO BE NOTICED*

1

**ThirdParty Defendant**

Sandra O'Connor

**ThirdParty Plaintiff**

National Grange Mutual Insurance
Company

represented by Scott Aaron Levin
(See above for address)
*ATTORNEY TO BE NOTICED*

**Counter Claimant**

National Grange Mutual Insurance
Company

represented by Scott Aaron Levin
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Counter Defendant**

Cyan Contracting Corporation

represented by Karl Judah Silverberg
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Counter Defendant**

Leonard O'Connor

represented by Karl Judah Silverberg
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**ThirdParty Plaintiff**

National Grange Mutual Insurance
Company

represented by Scott Aaron Levin
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**ThirdParty Defendant**

Sandra O'Connor

**Counter Claimant**

National Grange Mutual Insurance

represented by Scott Aaron Levin

2

**Company**                                          (See above for address)
                                                     *ATTORNEY TO BE NOTICED*


V.

**Counter Defendant**

**Cyan Contracting Corporation**        represented by  **Karl Judah Silverberg**
                                                         (See above for address)
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*


**Counter Defendant**

**Leonard O'Connor**                    represented by  **Karl Judah Silverberg**
                                                         (See above for address)
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*


| Date Filed | # | Docket Text |
|------------|---|-------------|
| 05/11/2007 | 1 | COMPLAINT against National Grange Mutual Insurance Company. (Filing Fee $ 350.00, Receipt Number 614628)Document filed by Cyan Contracting Corporation, Leonard O'Connor.(tro) Additional attachment(s) added on 5/29/2007 (Becerra, Maribel). (Entered: 05/14/2007) |
| 05/11/2007 |   | SUMMONS ISSUED as to National Grange Mutual Insurance Company. (tro) (Entered: 05/14/2007) |
| 05/11/2007 |   | Magistrate Judge James C. Francis is so designated. (tro) (Entered: 05/14/2007) |
| 05/11/2007 |   | Case Designated ECF. (tro) (Entered: 05/14/2007) |
| 05/11/2007 | 2 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. No Corporate Parent. Document filed by Cyan Contracting Corporation.(tro) Additional attachment(s) added on 5/29/2007 (Becerra, Maribel). (Entered: 05/14/2007) |
| 06/18/2007 | 3 | STIPULATION AND ORDER: The time within which National Grange Mutual Insurance Company may answer or respond to the Complaint is extended to 6/22/2007. (Signed by Judge Gerard E. Lynch on 6/18/2007) (jar) (Entered: 06/19/2007) |
| 06/29/2007 | 4 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. No Corporate Parent. Document filed by National Grange Mutual Insurance Company.(Levin, Scott) (Entered: 06/29/2007) |

| 06/29/2007 | 5 | ANSWER to Complaint., THIRD PARTY COMPLAINT against Sandra O'Connor., COUNTERCLAIM against Cyan Contracting Corporation, Leonard O'Connor. Document filed by National Grange Mutual Insurance Company.(Levin, Scott) (Entered: 06/29/2007) |
| 07/26/2007 | 6 | REPLY *to Counterclaim and Answer to Third-Party Complaint*. Document filed by Sandra O'Connor, Cyan Contracting Corporation, Leonard O'Connor. (Silverberg, Karl) (Entered: 07/26/2007) |
| 07/27/2007 | 7 | STIPULATION TO EXTEND REPLY DATE AND THRID-PARTY ANSWER DATE: Sandra O'Connor answer is due 7/26/2007; Cyan Contracting Corporation answer is due 7/26/2007; Leonard O'Connor answer is due 7/26/2007. (Signed by Judge Gerard E. Lynch on 7/27/2007) (jar) (Entered: 07/30/2007) |
| 08/15/2007 | 8 | NOTICE OF CASE REASSIGNMENT to Judge Lewis A. Kaplan. Judge Gerard E. Lynch is no longer assigned to the case. (jmi) (Entered: 08/17/2007) |
| 08/15/2007 | | Mailed notice to the attorney(s) of record. (jmi) (Entered: 08/17/2007) |
| 09/12/2007 | 9 | ORDER RE SCHEDULING AND INITIAL PRETRIAL CONFERENCE: Initial Conference set for 10/4/2007 at 10:00 AM in Courtroom 12D, 500 Pearl Street, New York, NY 10007 before Judge Lewis A. Kaplan. (Signed by Judge Lewis A. Kaplan on 9/12/07) (db) (Entered: 09/12/2007) |
| 10/04/2007 | 10 | CONSENT SCHEDULING ORDER: Amended Pleadings due by 12/1/2007. Joinder of Parties due by 12/1/2007. Discovery due by 3/1/2008. Pretrial Order due by 4/1/2008. (Signed by Judge Lewis A. Kaplan on 10/3/07) (js) (Entered: 10/03/2007) |
| 11/29/2007 | 11 | AMENDED COMPLAINT amending 1 Complaint against National Grange Mutual Insurance Company. Document filed by Cyan Contracting Corporation, Leonard O'Connor. Related document: 1 Complaint filed by Cyan Contracting Corporation, Leonard O'Connor. (jco) (Entered: 12/06/2007) |
| 12/26/2007 | 12 | ANSWER to Amended Complaint., THIRD PARTY COMPLAINT against Sandra O'Connor., COUNTERCLAIM against Cyan Contracting Corporation, Leonard O'Connor. Document filed by National Grange Mutual Insurance Company. Related document: 11 Amended Complaint, filed by Cyan Contracting Corporation, Leonard O'Connor.(Levin, Scott) (Entered: 12/26/2007) |
| 01/17/2008 | 13 | ORDER CASE ELIGIBLE FOR MEDIATION...the above-entitled action is eligible for mediation, pursuant to the Civil Justice Expense and Delay Reduction Plan. This action is eligible for mediation subject to the limitations and restrictions as noted: All issues are eligible. (Signed by Judge Lewis A. Kaplan on 1/17/08) (cd) (cd). (Additional attachment(s) added on 1/18/2008: # 1 Text of Proposed Order) (cd). (Entered: |

| | | 01/18/2008) |
|---|---|---|
| 01/30/2008 | <u>14</u> | CONSENT SCHEDULING ORDER: Discovery due by 5/1/2008, Joint Pretrial Order due by 6/1/2008. No further extensions. (Signed by Judge Lewis A. Kaplan on 1/30/2008) (jmi) (Entered: 01/31/2008) |
| 03/06/2008 | 15 | NOTICE SELECTING MEDIATOR - Notice of selection of mediator.(sc) (Entered: 03/06/2008) |
| 04/24/2008 | <u>16</u> | ENDORSED LETTER addressed to Judge Lewis A. Kaplan from Vincent P. Pozzuto dated 4/18/08 re: Counsel for TDX request that the Court set a conference with respect to the issues listed above. Additionally we are in the process of preparing motion papers formally requesting the relief outlined in this letter. ENDORSEMENT: DENIED. So Ordered. (Signed by Judge Lewis A. Kaplan on 4/24/08) (js) (Entered: 04/24/2008) |
| 04/24/2008 | <u>17</u> | ENDORSED LETTER addressed to Judge Lewis A. Kaplan from Karl Silverberg dated 4/20/08 re: For the reasons stated above, Cyan asks the Court to extend the discovery deadline by 60 days to July 1, 2008. ENDORSEMENT: the parties evidently have been content to permit discovery requests to go unanswered for protracted periods without seeking court intervention and otherwise tolerated substantial delay. This is not appropriate if they seriously want the discovery. All things considered, the existing schedule is extended by 28 days. There will be no more extensions absent substantial unforeseeable reasons. Any failure to pursue discovery aggressively will result in foregoing the discovery". So Ordered. (Signed by Judge Lewis A. Kaplan on 4/24/08) (js) (Entered: 04/24/2008) |
| 07/09/2008 | <u>18</u> | ENDORSED LETTER addressed to Judge Lewis A. Kaplan from Karl Silverberg dated 7/8/08 re: plaintiff writes to report that the parties have reached a settlement in principle and have been exchanging drafts of their settlement documents to finalize the terms. ENDORSEMENT: Case dismissed with prejudice and without costs subject to right to reinstate by serving and filing a notice to that effect on or before 9/8/08, if the settlement is not executed by then. (Signed by Judge Lewis A. Kaplan on 7/9/08) (pl) (Entered: 07/09/2008) |
| 09/11/2008 | <u>19</u> | ENDORSED LETTER addressed to Judge Lewis A. Kaplan from Craig H. Parker dated 9/10/08 re: Counsel for National Grange Mutual Insurance Company request a one week extension of Your Honors deadline for reinstatement until September 15, 2008. ENDORSEMENT: GRANTED. So Ordered. (Signed by Judge Lewis A. Kaplan on 9/11/08) (js) (Entered: 09/12/2008) |
| 09/24/2008 | <u>20</u> | ENDORSED LETTER addressed to Judge Lewis A. Kaplan from Craig H. Parker dated 9/23/08 re: Counsel for Defendant request an extension of Your Honor's deadline for reinstatement of this action until 10/1/08. ENDORSEMENT: Granted. (Signed by Judge Lewis A. Kaplan on 9/24/08) (tro) (Entered: 09/24/2008) |

| 11/14/2008 | 21 | ENDORSED LETTER addressed to Judge Lewis A. Kaplan from Karl Silverberg dated 11/10/2008 re: Counsel writes requesting that for the reasons stated in this letter, Cyan requests that the Court order the case, complaint, counterclaim, and third-party complaint, dismissed with prejudice. ENDORSEMENT: The Court will not litigate these matters by letter. Cyan may make any motion it thinks appropriate subject to F.R.C.P. 11. SO ORDERED. (Signed by Judge Lewis A. Kaplan on 11/14/2008) (tve) (Entered: 11/14/2008) |
|---|---|---|

# EXHIBIT B

**MEMO ENDORSED**

Peter M. Kutil
Karl Silverberg
——————
Brendan Hennessey

LAW OFFICES
**KING & KING LLP**
27-12  37th Avenue
Long Island City, N.Y. 11101
718-896-6554
fax: 718-275-5081
e-mail: ksilverberg@king-king-law.com



George A. King (1855-1938)
William B. King (1861-1930)

JUL  - 9 2008

JUDGE KAPLAN'S CHAMBERS

July 8, 2008

**VIA Federal Express**

Hon. Lewis A. Kaplan
United States District Judge
United States Courthouse
500 Pearl Street
New York, New York 10007

        Re:        *Cyan Contracting Corp. et al. v. National Grange Mutual Insurance
                   Company*, SDNY 07-cv-3749
        Sub-Re:    Status

Honorable Lewis A. Kaplan.

        King & King, LLP represents plaintiff Cyan Contracting Corp. ("Cyan").  Cyan would
like to report that the parties have reached a settlement in principle and have been exchanging
drafts of their settlement documents to finalize the terms.

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/9/08

Very Truly Yours,

Karl Silverberg (KS3075)

cc:     Adam Schwartz, Esq., attorney for National Grange Mutual Insurance Company

Case dismissed with prejudice and without costs subject to
right to reinstate by serving and filing a notice to that effect,
on or before ___9/8/08____, if the settlement is not
consummated by then.

W — executed

SO ORDERED:

Lewis A. Kaplan
U.S.D.J.

7/9/08

# EXHIBIT C

LAW OFFICES

Peter M. Kutil
Karl Silverberg

**KING & KING LLP**
27 -12  37th Avenue
Long Island City, N.Y. 11101
718-896-6554
fax: 718-275-5081
e-mail: ksilverberg@king-king-law.com

George A. King (1855-1938)
William B. King (1861-1930)

Brendan Hennessey



**MEMO ENDORSED**

November 10, 2008

**VIA Federal Express**

> USDC SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #:
> DATE FILED #:  11/14/08

Hon. Lewis A. Kaplan
United States District Judge
United States Courthouse
500 Pearl Street
New York, New York 10007

> RECEIVED
> NOV 1 2 2008

Re:    *Cyan Contracting Corp. et al. v. National Grange Mutual Insurance Company*,
        SDNY 07-cv-3749

Honorable Lewis A. Kaplan,

King & King LLP represents plaintiffs Cyan Contracting Corp. and Leonard O'Connor, and third-party defendant Sandra O'Connor, (collectively "Cyan"), in the above matter.

By order dated July 9, 2008, your Honor ordered that the above case be "dismissed with prejudice and without costs subject to right to reinstate by serving and filing a notice to that effect on or before 9/8/08, if the settlement is not executed by then." Your Honor subsequently extended the deadline until October 1, 2008.

The parties have not reached a settlement.

Cyan, however, asks that your Honor dismiss the case with prejudice. It is Cyan's position, based on the facts shown below, that defendant National Grange Mutual Insurance Company ("National") failed to negotiate in good faith.

Cyan presents the court the information herein so as to obtain certainty respecting the case's status.

As shown in the chronology of emails presented below, National was facing a discovery deadline. Although the parties had agreed to a proposed settlement on April 30, 2008, the terms had yet to be finalized. At the same time the parties were trying to negotiate a settlement, discovery was pushing forward. The discovery deadline was May 28th. National and its consultant were scheduled for deposition on Tuesday, March 27th, but it did not appear likely that National would produce anyone. Other, non-party, witnesses were scheduled for Wednesday and Thursday. On Tuesday, March 27th, after Cyan stated it would file a motion to

compel at 3:00 PM that day, National agreed in principle to the terms of the proposed settlement so as to avoid further discovery.

As shown in the chronology of emails presented below, over the next six months, King & King made numerous attempts to settle this matter, but to no avail. At all turns, National tried to force Cyan to agree to more stringent terms than what was consented to in the "settlement in principle." Even after Cyan reluctantly made concessions, National still did not execute an agreement.

The facts appear to show that National misrepresented its intentions and tried to back out of an agreement through dilatory tactics.

Your Honor stated that the case would be dismissed with prejudice unless the Court is informed to the contrary by October 1, 2008. That deadline passed. Should National now ask the Court for the Court's equitable discretion to have the case put back on the trial calendar, Cyan asks the Court to deny such a request because National comes to the Court with unclean hands.

*Summary of Events*

By email dated April 30th, National proposed a settlement.   The basic terms were $75,000 for King & King, Cyan to release its claims against National, and Cyan would maintain its defenses to National's indemnity claim. Tab 1 is the April 30th email with Cyan's response.

By email dated May 2nd, Cyan proposed a counteroffer. The essential terms were that Cyan would dismiss certain claims but keep other claims. Importantly, because it becomes a subject of dispute later, the counterproposal reiterates the fact that "Cyan maintains all defenses to National's indemnity claim," as provided for in the April 30th email. Tab 2 is the May 2nd email.

By email dated May 7th, the parties appeared to be in agreement and National offered to draft the settlement documents. Tab 3 is the May 7th email.

By email dated May 9th, I reminded National's counsel of the discovery deadline. That deadline was May 28, 2008. Tab 4 is the May 9th email with National's response.

By email dated May 14th, I implored National to provide a draft settlement document if National was interested in settling. I also noted that depositions of non-parties will be scheduled. Tab 5 is the May 14th email with National's response.

By email dated May 19th I sent National a schedule for document review and depositions, including depositions for National, the project owner, the construction manager, an engineering consultant, and National's outside project consultant. Tab 6 is the May 19th email.

rage 3 of 6

On May 21, 2008, I received National's draft settlement document.

By email dated May 22nd (4:24 PM) (Thursday before Memorial Day weekend), I sent National Cyan's proposed modifications to the settlement. Importantly, on page 4 of the proposed settlement, section 3.3, Cyan added the modification that, "Cyan reserves all defenses." Tab 7 is the May 22nd email with the applicable portion of the settlement attached.

By email dated May 22nd (6:07 PM) , I informed National that without a "signed agreement" discovery has to proceed forward. I further informed National that I would have to make a motion to the court to compel National and National's outside consultant's deposition if there was no intention of the parties appearing on Tuesday, May 27th, as scheduled. Tab 8 is the May 22nd email.

By email dated May 22nd (9:39 PM), Cyan proposed a settlement whereby Cyan would preserve certain claims, but Cyan's claims could only be raised if National sues Cyan. Further, damages from Cyan's claims would be limited to offsetting National's indemnity claims. This became known between the parties as the "carve out" agreement. This was meant to address National's concern that Cyan would sue National in the future, and it would eliminate National ever having to pay damages. Tab 9 is the May 22nd (9:39 PM) email.

By email dated May 23rd (8:52 AM), I informed National that I needed to know the status of the settlement with the "carve out" by 12 PM otherwise I would make a motion to compel and drive to National's attorneys' offices to review documents. Tab 10 is the May 23rd (8:52 AM) email.

By email dated May 23rd (9:01 AM), I asked if National and its consultant will be produced on Tuesday, May 27th. I also said the deposition could be conducted at National's attorneys' offices for their convenience. Tab 11 is the May 23rd (9:01 AM) email and response.

Because I was told that National's key person was out-of-town and not available by cell phone until after the Memorial Day weekend, I held off filing the motion to compel to give National an opportunity to respond to the settlement proposal.

By email dated May 27th (12:48 PM) I informed National that I would be filing the motion to compel by 3:00 PM. Tab 12 is the May 27th (12:48 PM) email and the attached motion to compel.

By email dated May 27th (1:46 PM), I was informed by National's counsel that "National agrees in principle" with Cyan's carve out proposal. Tab 13 is the May 27th (1:46 PM) email.

On May 27th (3:47 PM) I sent the formal proposed "carve out" language to National. Tab 14 is the May 27th (3:47 PM) email and the attached document.

By email dated May 27th (6:55 PM), I informed National's counsel that I have to review

Page 4 of 6

the specific "carve out" language with my client but that I suspected it would be approved, which it was. Tab 15 is the May 27th (6:55 PM) email.

By email dated May 29th, I informed National that I am still waiting National's formal agreement on the "carve out" language. Tab 16 is the May 29th email.

By email dated June 3rd, I informed National that I am still waiting National's formal agreement on the "carve out" language. Tab 16 is the June 3rd email.

By email dated June 6th, I heard from National's attorney who said he would respond shortly. Tab 16 is the June 6th email with Cyan's response.

By email dated June 11th, I informed National that I am still waiting National's formal agreement on the "carve out" language. Tab 16 is the June 11th email.

By email dated June 12th, I informed National that I am still waiting National's formal agreement on the "carve out" language. Tab 16 is the June 12th email.

By email dated June 16th, I informed National that I am still waiting National's formal agreement on the "carve out" language. Tab 16 is the June 16th email.

By email dated June 24th, I informed National that I am still waiting National's formal agreement on the "carve out" language. Tab 16 is the June 24th email.

By email dated June 25th, I informed National that I am still waiting National's formal agreement on the "carve out" language. Tab 16 is the June 25th email.

By email dated June 30th, I received a response from National. National provided a draft agreement. Notably, National included in its proposal that Cyan waives its defenses by stating that Cyan's defenses are limited to those defenses herein and "no other defenses." This was contrary to the parties earlier agreement wherein Cyan preserves its defenses. See email dated April 30th, Tab 1; May 2nd, Tab 2; and May 22nd (4:24 PM), Tab 7.   Tab 17 is the June 30th email and its attachment.

By email dated July 7, 2007, I emailed National Cyan's proposed modifications, striking out the language regarding "no other defenses." Tab 18 is the June 30th email and its applicable attachments.

Thinking that a settlement had finally been reached, by letter dated July 8th I wrote to inform the Court of the settlement, which letter the Court endorsed on July 9th. On the letter the Court ordered that the parties had until September 9th to inform the court if no settlement had been reached, otherwise the case would be dismissed with prejudice. Tab 19 is the July 9th endorsed letter.

By email dated July 14th, I forwarded the Court's electronic notification regarding the July 9th letter to Adam Schwartz and Craig Parker, National's attorneys handling the negotiations. I did this because neither one was on the Court's electronic notification list. Scott Levin, the attorney to be noticed, appears to be an associate at the law firm, while Adam Schwartz is a partner, and Craig Parker is a senior associate. Tab 20 is the July 14th email.

Thinking that a dismissal with prejudice would motivate National to finalize the settlement, I looked forward to hearing from National. I waited in vain.

By email dated August 20th, and with the September 9th deadline approaching, I again forwarded the Court's electronic notification to Adam Schwartz and Craig Parker. I further informed them that I would be out of the office between September 2nd and September 5th (for a seminar). Tab 21 is the August 20th email.

By email dated August 26th, I informed National that I still had not heard back from National even though I left repeated voice messages. Tab 22 is the August 26th email.

By email dated August 27th, National finally responded that National will try to wrap this up by the end of the week. Tab 23 is the August 26th email.

Over the next two months, National and Cyan went back and forth with the terms of settlement. National continually tried to limit Cyan's defenses. National put Cyan in a "speak now or forever hold your peace" situation with respect to Cyan's defenses to the more than 70 items on National's audit sheet.

National was Cyan's performance and payment bond surety on five public works projects for the New York State Dormitory Authority ("DASNY"). Leonard O'Connor and his wife Sandra O'Connor signed an indemnity agreement with National. Under the terms of Cyan's indemnity agreement, should National have to pay one of Cyan's subcontractors or perform work on a project under a default by the project owner, Leonard O'Connor and his wife Sandra O'Connor were personally liable for reimbursing National. Cyan was terminated on its final DASNY project, known as the Forensic Biology Lab Project.

Cyan's defenses include the assertion that the only reason Cyan was terminated on the Forensic Biology Lab Project was because National withdrew financing from Cyan when Cyan had only six weeks left on the project. Cyan asserts that National breached its May 10, 2006, agreement to finance Cyan, which agreement states, "Cyan has advised National Grange that it will require financing in order to complete the Forensic Biology Lab Project," and "Cyan represents to National Grange that it is financially unable to complete the work remaining to be performed on the DASNY projects." Tab 24 is the May 10th Agreement.

Cyan's defenses include the assertion that a large portion of National's costs on the Forensic Biology Lab Project were for extra work that the project owner requested (Cyan finished the project as the completion contractor because Cyan is a quality contractor but had

UCS-840 (REV 1/2000)

REQUEST FOR JUDICIAL INTERVENTION

SUPREME _____ COURT, New York _____ COUNTY INDEX NO. DATE PURCHASED: 12/18/08

663731/08

PLAINTIFF(S):
CYAN CONTRACTING CORPORATION

DEFENDANT(S):
NATIONAL GRANGE MUTUAL
INSURANCE COMPANY,
THE NEW YORK STATE DORMITORY
AUTHORITY

| For Clerk Only |
| IAS entry date |
| Judge Assigned |
| RJI Date |

Date  issue joined: _____    Bill of particulars served (Y/N):    [    ] Y    [ X ] N

**NATURE OF JUDICIAL INTERVENTION** (check **ONE** box only **AND** enter information)

[    ]    Request for preliminary conference

[ x ]    Notice of motion (return date: February 6, 2009                )
         Relief sought  Enforcement of Judgment

[    ]    Order to show cause
         (clerk enter return date: _____)
         Relief sought

[    ]    Other ex parte application (specify: _____
         _____ )

[    ]    Notice of petition (return date: _____ )
         Relief sought _____

[    ]    Notice of medical or dental malpractice
         action (specify: _____ )

[    ]    Statement of net worth

[    ]    Writ of habeas corpus

[    ]    Other (specify: _____ )

[    ]    Note of issue and/or certificate of readiness

**NATURE OF ACTION OR PROCEEDING** (Check **ONE** box only)

**MATRIMONIAL**

| | | | |
|---|---|---|---|
| [    ] | Contested | | -CM |
| [    ] | Uncontested | | -UM |

**COMMERCIAL**

| | | | |
|---|---|---|---|
| [    ] | Contract | | -CONT |
| [    ] | Corporate | | -CORP |
| [    ] | Insurance (where insurer is a party, except arbitration) | | -INS |
| [    ] | UCC (including sales, negotiable instruments) | | -UCC |
| [    ] | *Other Commercial | | -OC |

**REAL PROPERTY**

| | | | |
|---|---|---|---|
| [    ] | Tax Certiorari | | -TAX |
| [    ] | Foreclosure | | -FOR |
| [    ] | Condemnation | | -COND |
| [    ] | Landlord/Tenant | | -LT |
| [    ] | *Other Real Property | | -ORP |

**OTHER MATTERS**

[ X ]  * enforce Judgment _____  -OTH

**TORTS**

Malpractice

| | | | |
|---|---|---|---|
| [    ] | Medical/Podiatric | | -MM |
| [    ] | Dental | | -DM |
| [    ] | *Other Professional | | -OPM |
| [    ] | Motor Vehicle | | -MV |
| [    ] | *Products Liability | | -PL |
| [    ] | Environmental | | -EN |
| [    ] | Asbestos | | -ASB |
| [    ] | Breast Implant | | -BI |
| [    ] | *Other Negligence | | -OTN |
| [    ] | *Other Tort (including intentional) | | -OT |

**SPECIAL PROCEEDINGS**

| | | | |
|---|---|---|---|
| [    ] | Art. 75 (Arbitration) | | -ART75 |
| [    ] | Art. 77 (Trusts) | | -ART77 |
| [    ] | Art. 78 | | -ART78 |
| [    ] | Election Law | | -ELEC |
| [    ] | Guardianship (MHL Art. 81) | | -GUARD81 |
| [    ] | *Other Mental Hygiene | | -MHYG |
| [    ] | *Other Special Proceeding | | -OSP |

**Check "YES" or "NO" for each of the following questions:**

Is this action/proceeding against a

| YES | NO | | YES | NO | |
|-----|-----|-----|-----|-----|-----|
| [ ] | [ ✗ ] | Municipality (Specify_____) | [ ✗ ] | [ ] | Public Authority: NYS Dormitory Authority (Specify_____) |

| YES | NO | |
|-----|-----|-----|
| [ ✗ ] | [ ] | Does this action/proceeding seek equitable relief? |
| [ ] | [ ✗ ] | Does this action/proceeding seek recovery for personal injury? |
| [ ] | [ ✗ ] | Does this action/proceeding seek recovery for property damage? |

**Pre-Note Time Frames:**
(This applies to all cases except contested matrimonials and tax certiorari cases)

Estimated time period for case to be ready for trial (from filing of RJI to filing of Note of Issue):

Expedited: 0-8 months          ✗ Standard: 9-12 months          Complex: 13-15 months

**Contested Matrimonial Cases Only:** (Check and give date)

Has summons been served?          ✗ No          Yes, Date _____

Was a Notice of No Necessity filed?     ✗ No          Yes, Date _____

**ATTORNEY(S) FOR PLAINTIFF(S):**

| Self Rep.* | Name | Address | Phone # |
|-----|-----|-----|-----|
| | Karl Silverberg, King & King LLP | 27-12 37th Ave., Long Island City, New York 11101 | 718-896-6554 |

**ATTORNEY(S) FOR DEFENDANT(S):**

| Self Rep.* | Name | Address | Phone # |
|-----|-----|-----|-----|

*Self Represented:   parties representing themselves, without an attorney, should check the "Self Rep." box and enter their name, address, and phone # in the space provided above for attorneys.

**INSURANCE CARRIERS:**

**RELATED CASES:  (IF NONE, write "NONE" below):**

| Title | Index # | Court | Nature of Relationship |
|-----|-----|-----|-----|
| Cyan Contracting Corp. v The Dormitory Authority of The State Of New York et al. | 603084/07 | NY Supreme Justice Richard B. Lowe, III Part 56 | Two parties the same; same construction projects |

I AFFIRM UNDER PENALTY OF PERJURY THAT, TO MY KNOWLEDGE, OTHER THAN AS NOTED ABOVE, THERE ARE AND HAVE BEEN NO RELATED ACTIONS OR PROCEEDINGS, NOR HAS A REQUEST FOR JUDICIAL INTERVENTION PREVIOUSLY BEEN FILED IN THIS ACTION OR PROCEEDING.

Dated:   December 17, 2008

_____
(SIGNATURE)
Karl Silverberg

_____
(PRINT OR TYPE NAME)
Cyan Contracting Corp

ATTORNEY FOR

ATTACH RIDER SHEET IF NECESSARY TO PROVIDE REQUIRED INFORMATION

Page 6 of 6

financing problems). Even National's own project consultant, according to National, has submitted a significant change order request to the project owner for this extra work. Cyan's other defenses are that some payments were improperly paid by National's project consultant due to mismanagement and poor oversight.

National has continually pushed Cyan to waive all defenses, yet such waiver is beyond that contemplated in the parties' settlement and "carve out" agreement. See email dated April 30th, Tab 1; May 2nd, Tab 2; May 22nd (4:24 PM), Tab 7; and May 22nd (9:39 PM), Tab 9.

By email dated October 30th, National proposed that in return for Cyan waiving its defenses and waiving its claims, Leonard and Sandra O'Connor would no longer be personally liable for Cyan's debts. But this is a token gesture because National still required the O'Connor's to maintain the $1 million mortgage against their residence given to National. Tab 25 is the October 30th email.

Had Cyan known back in May 2008 that National did not intend to settle as it agreed to on May 27, 2008, Cyan would have spent the last six months working to settle other claims, and would have proceeded to trial against National. With the current world financial crisis, seeking financial assistance from family, friends, and others, so that Cyan can pursue its other cases is much more difficult today than it would have been six months ago. National's dilatory conduct has prejudiced Cyan.

Conclusion

For the reasons stated herein, Cyan requests that the court order the case, complaint, counterclaim, and third-party complaint, dismissed with prejudice.

*The Court will not litigate these matters by letter. Cyan may make any motion it thinks appropriate subject to FRCPs & ""*

Very Truly Yours,

Karl Silverberg (KS3075)

cc:     Adam Schwartz, Esq. attorney for National Grange Mutual Company (via Fed Ex)
        Craig Parker, Esq. attorney for National Grange Mutual Company (via Fed Ex)
        Scott Levin, Esq. attorney of record for National (via Fed Ex)

SO ORDERED

LEWIS A. KAPLAN, USDJ
11/20/08

# EXHIBIT D

## AGREEMENT

This Agreement is made this ___ day of May, 2006, by and between Cyan Contracting Corp. ("Cyan"), Leonard O'Connor, individually, and Sandra O'Connor, individually (Cyan and the O'Connors collectively hereinafter, the "Indemnitors") and National Grange Mutual Insurance Company ("National Grange").

WHEREAS, at the request of Cyan, National Grange has issued payment and performance bonds for certain construction projects performed for the Dormitory Authority of the State of New York ("DASNY" and the "DASNY Projects") as follows:

| Bond No. | Project |
|----------|---------|
| S-425339 | Bellevue Infrastructure Upgrades – Mechanical |
| S-424407 | Bellevue Rehab 10th, 16th and 17th Floors |
| S-419966 | Bellevue Plumbing Utilities Relocation |
| S-424416 | Forensic Biology Lab |
| S-419956 | Queens Court House |

WHEREAS, at the further request of Cyan, National Grange has: (i) issued a bond in the sum of $134,452.33 to discharge the lien of Power and Process on the DASNY Forensic Biology Lab; and (ii) paid the aggregate sum of $458,321.00 to subcontractors, laborers, materialmen and other vendors/creditors (including union benefit funds), referenced on the annexed Schedule A, who Cyan represented were due payment for labor and material furnished to the DASNY Projects or fringe benefits guaranteed by the fringe benefit bond issued by National Grange on behalf of Cyan; and (iii) has incurred expenses, including attorney's fees and consultants fees in the amount of $41,209.17 as referenced on the annexed Schedule A; and

WHEREAS, National Grange has been notified of pending claims by Atlantic Cooling Tower Services, Inc. (in the present amount of $351,383.28 on Bond No. S-425339) and Cole Mechanical, Inc. (in the amount of $125,000.00 on Bond No. S-424416 and approximately $50,000.00 on Bond No. S-425339), which may require additional payments to be made by National Grange; and

WHEREAS, Cyan has advised National Grange that it will require funding in order to complete the Forensic Biology Lab project (Bond No. S-424416); and

WHEREAS, National Grange has issued and provided the requested $134,452.33 discharge of lien bond and made the $458,321.00 in payments and incurred the $41,209.17 in expenses as referenced on the annexed Schedule A, and has agreed to make further payments as set forth on the annexed Schedule B, conditioned upon and in reliance upon Cyan, agreeing and representing as follows:

NOW, THEREFORE, in consideration of the mutual covenants set forth below and for other valuable consideration, the parties agree as follows:

1.    The Recitals set forth above are hereby incorporated herein by reference and are made an integral part hereof.

2       Cyan represents to National Grange that it was financially unable to complete the work remaining to be performed on the DASNY Projects and pay its subcontractors, laborers, materialmen and other vendors /creditors on the DASNY Projects and pay the fringe benefits guaranteed by the fringe benefit bond without the assistance of National Grange as requested herein.

3.       The Indemnitors confirm that they executed an Agreement of Indemnity on January 17, 2001 in favor of National Grange in which they agreed to indemnify and hold National Grange harmless from any loss, cost, damage or expense resulting from the issuance of any bond on behalf of Cyan. The Indemnitors agree that any and all loss, expenses, legal or otherwise, expended by National Grange pursuant to this Agreement and/or as a result of considering and responding to Cyan's request herein and negotiating, entering into, and/or administering this Agreement are also losses as defined in the Agreement of Indemnity.

4.       In order to indemnify and hold National Grange harmless from any loss, cost, damage or expense as a result of the issuance of any bond on behalf of Cyan, as principal, Cyan, corporately, Leonard O'Connor, individually and Sandra O'Connor, individually, agree to the following:

(a)    Cyan will execute and return to National Grange, together with this executed Agreement, an original assignment of proceeds addressed to the obligee on the DASNY Projects directing the obligee to forward payment of any and all contract funds on the following DASNY Projects to National Grange as surety for Cyan (the "Assignments") and as may be subsequently agreed by Cyan and National Grange:

| Contract No. | Bond No. | Amount |
|---|---|---|
| 92456 05 | S-425339 | $152,000.00 |
| 92456 05 | S-424407 | $ 90,000.00 |
| 83700 05 | S-419966 | $ 26,046.00 |
| 80152 | S-419956 | $103,207.00 |

Cyan agrees to execute additional Assignments, as may be requested by National Grange in order to reimburse National Grange for any further payments made, or funds expended, in addition to the expenditures listed on the annexed Schedule A and the payments to be made as listed on the Annexed Schedule B.

(b)    The Indemnitors will execute and return to National Grange, together with this executed Agreement, an executed note and mortgage in favor of National Grange in the sum of $1,000,000.00 on the real property located at 350 Padded Way, Mattituck, New York on forms acceptable to National Grange. Payment of these notes and mortgages will be due on or before January 1, 2007 with interest accruing on the amount actually owed at the rate of 5% per annum until the debt is paid in full. An extension of the date of payment of the notes and mortgages will be considered by National Grange upon the receipt of a written request within fifteen (15) days prior to the date of payment of the note and mortgage. National Grange may, at its sole option or in its sole discretion, determine whether to extend the date of payment of the

2

note and mortgage.

(c)    The aforesaid assignment of proceeds and note and mortgage may be immediately filed and/or recorded by National Grange at its sole option and in its sole discretion. National Grange agrees that it will not sell or otherwise convey the note and mortgage to any third party without the written permission of the Indemnitors. The Indemnitors warrant and represent that the aforesaid property on which it is furnishing a note and mortgage to National Grange has a fair market value between $2.5 and $3 million, that there are no encumbrances on said property, that they have the right and title to provide National Grange with such note and mortgage and that this property has not been pledged or otherwise promised or transferred by the Indemnitors to any bank and/or any other third party. The Indemnitors agree that all recording fees expended by National Grange to file the aforesaid notes and mortgages shall be considered part of National Grange's loss as referenced in the Agreement of Indemnity executed by the Indemnitors. The Indemnitors agree to execute and provide to National Grange any other documents reasonably required in this regard to effectuate the aforesaid purpose of indemnifying National Grange and holding National Grange harmless.

5.    The funds received by National Grange pursuant to the Assignments shall be used to reimburse and hold harmless National Grange for any and all loss, cost, damage and/or expense incurred as a result of having issued any bond on behalf of Cyan and/or used by National Grange to pay any subcontractor, vendor, or supplier of Cyan on the DASNY Projects, as may be necessary.

6.    In the event that there are excess funds remaining in National Grange's possession after the aforesaid payments listed in paragraph 5 above, such excess funds shall be paid to Cyan.

7    The Indemnitors agree that any challenge that they may have to reimbursement to National Grange of any loss, cost, damage and/or expense is the assertion of a cause of action against National Grange to recover money damages on the grounds that the amount National Grange reimbursed itself was not recoverable against the Indemnitors under the Agreement of Indemnity executed by the Indemnitors and/or this Agreement.

8.    The Indemnitors agree that this Agreement does not obligate National Grange to provide Cyan with any financial assistance, pay any subcontractors or vendors, or issue any additional bonds or undertakings, other than expressly set forth herein The Indemnitors further agree that National Grange, at its sole option and in its sole discretion, may cease providing financial assistance, if any, except as otherwise agreed herein and subject to the Indemnitors having executed this Agreement and the note and mortgage described in paragraph 4(b) above.

9.    The Indemnitors agree that the entry into this Agreement is not intended to nor shall it in any way modify, increase or enlarge the obligations of National Grange under any bond that National Grange issued on behalf of Cyan, either as to the scope of liability, the beneficiaries thereof, and/or the penal limits of said bonds.

3

10.    The Indemnitors agree that the entry into this Agreement is not intended to nor shall it in any way waive or alter any of the rights and/or remedies of National Grange under any indemnity agreement executed by the Indemnitors.

11.    The Indemnitors agree that the entry into this Agreement is not intended to create any right in any third-party beneficiary.

12.    Cyan agrees to maintain such books, accounts and records as will permit an accountant and/or other consultant designated by National Grange to determine readily the specific income and/or disbursements of any bonded contract. Such books, accounts and records are to be available to National Grange or its designated representatives during normal business hours at the offices of Cyan.

13.    Cyan represents that it has not assigned, hypothecated or sold any interest in the DASNY Projects nor of the monies to become due thereunder, except for the assignment and/or letter of direction referenced herein and as otherwise approved by National Grange for payment to Atlantic Cooling Tower Services, Inc.

14.    After National Grange has been completely and fully indemnified and held harmless from any and all loss, cost, damage and/or expense as a result of the issuance of any bond on behalf of Cyan, as principal, and after any and all liability of National Grange and Cyan on any such bond has been discharged, National Grange agrees to execute and provide to the Indemnitors the appropriate documents releasing the mortgage and note provided to National Grange by the Indemnitors herein.  Further, at the request of Cyan, National Grange agrees to execute the necessary documents to reduce the amount of the mortgage and note by the sum of any funds received by National Grange, or claims/liens otherwise paid or reduced, pursuant to paragraph 4(a), above.

15.    Subject to the terms of this Agreement, upon execution of this Agreement, and the note and mortgage described in paragraph 4(b), above, National Grange will notify DASNY that, without prejudice to National Grange's rights, National Grange consents to the release of further contract balances to Cyan, at this time.

16.    This Agreement is made and entered into in the State of New York and shall in all respects be interpreted, enforced, and governed under the laws of said state.  The language of all parts of this Agreement shall in all cases be construed as a whole, according to its fair meaning and not strictly for or against any of the parties.

17.    Should any provision of this Agreement be declared or be determined by any court of competent jurisdiction to be illegal, invalid or unenforceable, the legality, validity and enforceability of the remaining parts, terms or provisions shall not be affected thereby and said illegal, unenforceable or invalid part, term or provision shall be deemed not to be part of this Agreement.

18.    This Agreement shall be binding on the respective successors, assigns, distributees or legal representatives of the parties, and shall not be modified or amended except by a writing executed by all parties.

4

IN WITNESS WHEREOF, the parties have hereunto set their hands and seals.

NATIONAL GRANGE MUTUAL INSURANCE
COMPANY

By:_____
        Tony Montecalvo, Bond Claims Manager

CYAN CONTRACTING CORP.

By:_____
        Leonard O'Connor, President

By:_____
        Leonard O'Connor, Individually

By:_____
        Sandra O'Connor, Individually

5

STATE OF NEW YORK    :
                     : ss:
COUNTY OF Queens     :

    Personally appeared before me the undersigned, on this the _10_ day of _MAY_ , 2006, Leonard O'Connor, who acknowledged himself to be the President of Cyan Contracting Corp., and that as such officer, signer and sealer of the foregoing instrument, acknowledged the execution of the same to be his free act and deed individually and as such officer, and the free act and deed of said Corporation.

> DIMITRA HILAS
> NOTARY PUBLIC, STATE OF NEW YORK
> NO. 01HI5019549
> QUALIFIED IN QUEENS COUNTY
> COMMISSION EXPIRES OCT 25, 2009

                        Notary Public


STATE OF NEW NEW YORK    :
                         : ss:
COUNTY OF Queens         :

    Personally appeared before me the undersigned, on this the _10_ day of _MAY_ , 2006, Leonard O'Connor, Individually, known to me to be the person described in and who executed the foregoing Agreement, and acknowledged that he executed the same.

> DIMITRA HILAS
> NOTARY PUBLIC, STATE OF NEW YORK
> NO. 01HI5019549
> QUALIFIED IN QUEENS COUNTY
> COMMISSION EXPIRES OCT 25, 2009

                        Notary Public


STATE OF NEW NEW YORK    :
                         : ss:
COUNTY OF New            :

    Personally appeared before me the undersigned, on this the _10_ day of ___ , 2006, Sandra O'Connor, individually, known to me to be the person described in and who executed the foregoing Agreement, and acknowledged that she executed the same.

> STEVEN E. HILLER
> Notary Public, State of New York
> No. 01HI4507058
> Qualified in New York County
> Term Expires November 30, 2009

                        Notary Public

<u>SCHEDULE A</u>
Sums expended by National Grange

| | | |
|---|---:|---:|
| Steamfitters | $ 120,000.00 | |
| Power Process | 107,500.00 | |
| AUL | 50,000.00 | |
| Industrial | 8,000.00 | |
| ADE | 18,438.00 | |
| Monosis | 8,500.00 | |
| IAR | 29,500.00 | |
| Safetronics | 93,183.00 | |
| Italco | <u>23,200.00</u> | |
| Total Payments | | $458,321.00 |
| Costs and Expenses | | <u>41,209.17</u> |
| Total Indemnity and Exoneration[a] | | $499,530.17 |

[a] Amount of payments, losses, costs and expenses subject to change and rights of surety to be
indemnified and exonerated for greater amounts are reserved.

7

### SCHEDULE B
#### Sums to be paid by National Grange on Forensic Biology Lab Project

| | |
|---|---|
| Gilmour Supply | $ 19,165.73 |
| KF Industries, L.L.C. | 30,000.00 |
| Metro Electric | 30,000.00 |
| Cullen Associates, Inc. | 10,000.00 |
| NYCM Trust | 4,086.00 |
| Total Payments to Third-Parties | $ 93,251.73 |
| Payment Requested by Cyan | 58,748.77 |
| Total Payments | $152,000.50 |

8

# EXHIBIT E

Cyan Contracting Corp. 83700

**Name of Contractor: Cyan Contracting Corp.**
Supplier # 127328

**Project:** Bellvue Hospital

| Name of Lienor or Assignee | Lien | | Assignment | | Order Extending One Year | Lis Pendens Filed | Summons & Complaint | Court Order Dis & Bond | Discharge Filed |
|---|---|---|---|---|---|---|---|---|---|
| | Date | Amount | Date | Amount | | | | | |
| 83700 OS National Grange | | | 5/11/06 | 20,358.49 | | | | | |

Page 1

# DORMITORY AUTHORITY OF THE STATE OF NEW YORK

## CONTRACT STATUS REPORT

This report constitutes intra-agency material and is a non-final working tool for internal use only. The accuracy of any specific fact is not assured and is not for distribution.

October 31, 2006

Contractor:            Cyan Contracting Corp.

Project:               Bellevue Hospital

Contract Number:       JDE # 83700 OS

| | |
|---|---|
| Total Encumbrance | 1,472,736.63 |
| Total Complete and Stored | 1,467,048.63 |
| Retainage | 14,670.49 |
| Payments to Date | 1,452,378.14 |

Assignments:

| | |
|---|---|
| National Grange | 20,358.49 |
| Total Assignments | 20,358.49 |
| Amount needed to pay Assignment | 20,358.49 |

Withholdings:

| | |
|---|---|
| IRS Tax Levy (for all contracts) | 280,261.71 |
| Total Withholdings | 280,261.71 |
| Total paid to IRS(from contract#97178 OS) | 40,894.83 |
| Amount needed to pay to IRS | 239,366.88 |

*C4 ~*
*419966*

**IMPORTANT NOTICE:** This sample form, ASSIGNMENT OF MONIES DUE UNDER PUBLIC IMPROVEMENT CONTRACT, is acceptable to the Dormitory Authority for contractor assignments of contract payments. This form has important legal consequences, and should be prepared and executed under the supervision of an attorney. It is the ultimate responsibility of the user and the user's attorney to determine the legal sufficiency of the form for the use intended with or without change. In connection with the use of this form, the Dormitory Authority shall not be liable for any loss or damage however caused or by whoever used.

## ASSIGNMENT OF MONIES DUE
## UNDER PUBLIC IMPROVEMENT CONTRACT

*KNOW ALL BY THESE PRESENTS,* that __Clean Contracting__ (hereinafter referred to as the "Assignor") hereby forever assigns, transfers and sets over to __National Leasing__ located at _____ (hereinafter referred to as the "Assignee"), the sum of __20,358.19__ Dollars (hereinafter referred to as the "Assigned Sum") out of the first monies due or soon to become due to the Assignor under Contract Number __E5260 03__ (hereinafter referred to as the "Contract") between the Assignor and the DORMITORY AUTHORITY (hereinafter referred to as "DASNY") for work concerning the public improvement project known as __Site Utilities Bellevue Hospital__ ;

*AND* the Assignor does hereby authorize, empower and direct DASNY or any department thereof, to pay to the Assignee, its assigns and successors, the Assigned Sum from monies due or to become due to the Assignor by virtue of said Contract;

*AND* the Assignor does hereby certify that the Assignor has not encumbered nor done any act or acts to lessen any rights of the Assignor or its assigns, nor any security given under said Contract, and that the Assignor has a good right to assign said money or monies due or to become due under said Contract;

*AND* the Assignor does hereby agree that the Assignor will make, execute and deliver any and all papers, instruments and documents that may be required by the Assignee, its assigns and successors, and DASNY or any department thereof, to effectuate the purpose hereof;

*AND* the Assignor does hereby appoint the Assignee, its assigns and successors, the lawful attorney, irrevocably, with full power of substitution and revocation, to ask for, collect, demand and receive; to prosecute and sue for, by proceedings or otherwise, in a court of law or equity; to give acquittance for said money or monies due or to become due, or any part thereof; and to withdraw any claims, suits or proceedings pertaining to or arising out of its assignment;

*AND* the Assignor does hereby further covenant pursuant to Section 25 of the Lien Law that the Assignor will receive any monies advanced hereunder by the Assignee and will hold the right to receive such monies as a trust fund; that the Assignor will first apply said fund to the payment of trust claims as defined in Section 71 of the Lien Law and that the Assignor will apply same to such payments only, before using any part of the advances for any other purpose.

*IN WITNESS WHEREOF* the Assignor does hereby set its hand and seal or cause these presents to be signed by its proper corporate officer this 10 day of MAY , 20 06 .

Cyan Contracting Corp. , Assignor
Name of Contractor

By: _____
Signature

LEONARD O'CONNOR    PRESIDENT
Print Name & Title

Assignment of Payment with amendments
03/14/2006

2

# EXHIBIT F

Cyan Contracting Corp. - 92456

**Project:** Bellevue Hospital

**Name of Contractor:** Cyan Contracting Corp.

Supplier # 127328

| Name of Lienor or Assignee | Lien Date | Lien Amount | Assignment Date | Assignment Amount | Order Extending One Year | Lis Pendens Filed | Summons & Complaint | Court Order Dis & Bond | Discharge Filed |
|---|---|---|---|---|---|---|---|---|---|
| 92456 OS Beacon Medaes LLC | 11/24/03 | 68,930.40 | | | | | | | 1/29/04 |
| 92456 OS Darman Building Supply Corp. | 1/10/05 | 74,400.64 | | | | | | | 3/28/05 |
| 92456 OS Darman Building Supply Corp.* | | | 3/28/05 | 52,000.00 | | | | | |
| 92456 OS Darman Building Supply Corp.** | | | 5/20/05 | 22,400.00 | | | | | |
| 92456 OS Atlantic Cooling Towers*** | | | 5/11/06 | 289,366.72 | | | | | 6/15/06 |
| 92456 OS National Grange | | | 5/11/06 | 81,183.43 | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |

*Assignment paid in full 4/15/05.
**Assignment paid in full 6/15/05.
***Assignee paid $185,390.60 on 5/31/06, balance released 6/15/06.

Page 1

# DORMITORY AUTHORITY OF THE STATE OF NEW YORK

## CONTRACT STATUS REPORT

This report constitutes intra-agency material and is a non-final working tool for internal use only. The accuracy of any specific fact is not assured and is not for distribution.

October 31, 2006

Contractor:          Cyan Contracting Corp.

Project:             Bellevue Hospital

Contract Number:     JDE # 92456 OS

| | |
|---|---|
| Total Encumbrance | 1,914,740.56 |
| Total Complete and Stored | 1,912,740.56 |
| Retainage | 95,637.36 |
| Payments to Date | 1,817,103.20 |

Assignments:

| | |
|---|---|
| National Grange | 81,183.43 |
| Total Assignments | 81,183.43 |
| Amount needed to pay Assignment | 81,183.43 |

Withholdings:

| | |
|---|---|
| IRS Tax Levy (for all contracts) | 280,261.71 |
| Total Withholdings | 280,261.71 |
| Total paid to IRS(from contract#97178 OS) | 40,894.83 |
| Amount needed to pay to IRS | 239,366.88 |

**IMPORTANT NOTICE:** This sample form, ASSIGNMENT OF MONIES DUE UNDER PUBLIC IMPROVEMENT CONTRACT, is acceptable to the Dormitory Authority for contractor assignments of contract payments. This form has important legal consequences, and should be prepared and executed under the supervision of an attorney. It is the ultimate responsibility of the user and the user's attorney to determine the legal sufficiency of the form for the use intended with or without change. In connection with the use of this form, the Dormitory Authority shall not be liable for any loss or damage however caused or by whoever used.

*Cyan
424407*

## ASSIGNMENT OF MONIES DUE
### UNDER PUBLIC IMPROVEMENT CONTRACT

*KNOW ALL BY THESE PRESENTS*, that  *Cyan Contracting* (hereinafter referred to as the "Assignor") hereby forever assigns, transfers and sets over to *National Grange* located at _____ (hereinafter referred to as the "Assignee"), the sum of  *81,185.43*  Dollars (hereinafter referred to as the "Assigned Sum") out of the first monies due or soon to become due to the Assignor under Contract Number  *9245605*  (hereinafter referred to as the "Contract") between the Assignor and the DORMITORY AUTHORITY (hereinafter referred to as "DASNY") for work concerning the public improvement project known as *16-16-17 FL - Renovation BHC* ;

*AND* the Assignor does hereby authorize, empower and direct DASNY or any department thereof, to pay to the Assignee, its assigns and successors, the Assigned Sum from monies due or to become due to the Assignor by virtue of said Contract;

*AND* the Assignor does hereby certify that the Assignor has not encumbered nor done any act or acts to lessen any rights of the Assignor or its assigns, nor any security given under said Contract, and that the Assignor has a good right to assign said money or monies due or to become due under said Contract;

Document1
11/08/2004

1

*AND* the Assignor does hereby agree that the Assignor will make, execute and deliver any and all papers, instruments and documents that may be required by the Assignee, its assigns and successors, and DASNY or any department thereof, to effectuate the purpose hereof;

*AND* the Assignor does hereby appoint the Assignee, its assigns and successors, the lawful attorney, irrevocably, with full power of substitution and revocation, to ask for, collect, demand and receive; to prosecute and sue for, by proceedings or otherwise, in a court of law or equity; to give acquittance for said money or monies due or to become due, or any part thereof; and to withdraw any claims, suits or proceedings pertaining to or arising out of its assignment;

*AND* the Assignor does hereby further covenant pursuant to Section 25 of the Lien Law that the Assignor will receive any monies advanced hereunder by the Assignee and will hold the right to receive such monies as a trust fund; that the Assignor will first apply said fund to the payment of trust claims as defined in Section 71 of the Lien Law and that the Assignor will apply same to such payments only, before using any part of the advances for any other purpose

*IN WITNESS WHEREOF* the Assignor does hereby set its hand and seal or cause these presents to be signed by its proper corporate officer this _10_ day of _MAY_, 20 _06_

_Chan Contracting Corp_ ; Assignor
Name of Contractor

By _[signature]_
Signature

_Leonard O'Connor   President_
Print Name & Title

## CORPORATE ACKNOWLEDGMENT

State of _New York_ )
) ss.:
County of _Queens_ )

On the _10_ day of _May_ in the year _2006_ before me personally came _Leonard O'Connor_ to me known, who, being by me duly sworn, did depose and say that he/she/they reside(s) in _____ _____ (if the place of residence is in a city, include the street and street number, if any, thereof); that he/she/they is (are) the president or other officer or director or attorney in fact duly appointed) of the (name of corporation), the corporation described in and which executed the above instrument; and that he/she/they signed his/her/their name(s) thereto by authority of the board of directors of said corporation.

**DIMITRA HILAS**
**NOTARY PUBLIC, STATE OF NEW YORK**
**NO. 01HI6019549**
**QUALIFIED IN QUEENS COUNTY**
**COMMISSION EXPIRES OCT 25, 2009**

_____
(Signature and office of person taking acknowledgment.)

## UNIFORM ACKNOWLEDGMENT
### (For Use by All Persons and Entities Other Than Corporations)

State of New York )
) ss :
County of _____ )

On the _____ day of _____ in the year _____ before me, the undersigned, a Notary Public in and for said State, personally appeared _____, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

_____
(Signature and office of person taking acknowledgment.)

NOTE: In addition, the attached IRS W-9 Form __must__ be completed by the _Assignee_ and filed with this Assignment in order for payment to be made to the _Assignee._

Document1
11/08/2004

3

# EXHIBIT G

Cyan Contracting Corp. 81052

**Name of Contractor:** Cyan Contracting Corp.
Supplier # 127328

**Project:** Queens Supreme Court

| Name of Lienor or Assignee | Lien | | Assignment | | Order Extending One Year | Lis Pendens Filed | Summons & Complaint | Court Order Dis & Bond | Discharge Filed |
|---|---|---|---|---|---|---|---|---|---|
| | Date | Amount | Date | Amount | | | | | |
| 81052 OS National Grange | | | 5/11/06 | 102,572.65 | | | | | |

Page 1

# DORMITORY AUTHORITY OF THE STATE OF NEW YORK

## CONTRACT STATUS REPORT

This report constitutes intra-agency material and is a non-final working tool for internal use only.  The
accuracy of any specific fact is not assured and is not for distribution.

October 31, 2006


Contractor:          Cyan Contracting Corp.

Project:             Queens Supreme Court

Contract Number:     JDE # 81052 OS


| | |
|---|---|
| Total Encumbrance | 2,064,137.00 |
| Total Complete and Stored | 2,064,137.00 |
| Retainage | 103,207.00 |
| Payments to Date | 1,960,930.00 |

Assignments:

| | |
|---|---|
| National Grange | 102,572.65 |
| Total Assignments | 102,572.65 |
| Amount needed to pay Assignment | 102,572.65 |

Withholdings:

| | |
|---|---|
| IRS Tax Levy (for all contracts) | 280,261.71 |
| Total Withholdings | 280,261.71 |
| Total paid to IRS(from contract#97178 OS) | 40,894.83 |
| Amount needed to pay to IRS | 239,366.88 |

03/13/2006 MON 14:30 [TX/RX NO 8882] @002

5-41995 6

**IMPORTANT NOTICE:** This sample form, ASSIGNMENT OF MONIES DUE UNDER PUBLIC IMPROVEMENT CONTRACT, is acceptable to the Dormitory Authority for contractor assignments of contract payments. This form has important legal consequences, and should be prepared and executed under the supervision of an attorney. It is the ultimate responsibility of the user and the user's attorney to determine the legal sufficiency of the form for the use intended with or without change. In connection with the use of this form, the Dormitory Authority shall not be liable for any loss or damage however caused or by whoever used.

## ASSIGNMENT OF MONIES DUE
## UNDER PUBLIC IMPROVEMENT CONTRACT

*KNOW ALL BY THESE PRESENTS*, that *Cyan Constructing* (hereinafter referred to as the "Assignor") hereby forever assigns, transfers and sets over to *National Granite* located at _____ (hereinafter referred to as the "Assignee"), the sum of ___*102,372.65*___ Dollars (hereinafter referred to as the "Assigned Sum") out of the first monies due or soon to become due to the Assignor under Contract Number ___*8105Z*___ (hereinafter referred to as the "Contract") between the Assignor and the DORMITORY AUTHORITY (hereinafter referred to as "DASNY") for work concerning the public improvement project known as *Queens Supreme Court* ;

*AND* the Assignor does hereby authorize, empower and direct DASNY or any department thereof, to pay to the Assignee, its assigns and successors, the Assigned Sum from monies due or to become due to the Assignor by virtue of said Contract;

*AND* the Assignor does hereby certify that the Assignor has not encumbered nor done any act or acts to lessen any rights of the Assignor or its assigns, nor any security given under said Contract, and that the Assignor has a good right to assign said money or monies due or to become due under said Contract;

Document1
11/08/2004

1

03/13/2006 MON 14:30 [TX/RX NO 6682] ☑ 009

*AND* the Assignor does hereby agree that the Assignor will make, execute and deliver any and all papers, instruments and documents that may be required by the Assignee, its assigns and successors, and DASNY or any department thereof, to effectuate the purpose hereof;

*AND* the Assignor does hereby appoint the Assignee, its assigns and successors, the lawful attorney, irrevocably, with full power of substitution and revocation, to ask for, collect, demand and receive; to prosecute and sue for, by proceedings or otherwise, in a court of law or equity; to give acquittance for said money or monies due or to become due, or any part thereof; and to withdraw any claims, suits or proceedings pertaining to or arising out of its assignment;

*AND* the Assignor does hereby further covenant pursuant to Section 25 of the Lien Law that the Assignor will receive any monies advanced hereunder by the Assignee and will hold the right to receive such monies as a trust fund; that the Assignor will first apply said fund to the payment of trust claims as defined in Section 71 of the Lien Law and that the Assignor will apply same to such payments only, before using any part of the advances for any other purpose.

*IN WITNESS WHEREOF* the Assignor does hereby set its hand and seal or cause these presents to be signed by its proper corporate officer this 22 day of Feb , 2006.

Cyan Contracting Corp Assignor
Name of Contractor

By: _[signature]_
Signature

Leonard O'Connor Pres
Print Name & Title

FROM : CYAN CONTRACTING CORP.     FAX NO. :718-747-1596     Mar. 13 2006 03:52PM   P8

03/13/2006 MON 14:30  [TX/RX NO 8582] ☒005

## CORPORATE ACKNOWLEDGMENT

State of _NEW YORK_ )
                                    ) ss.:
County of _Queens_ )

On the _24_ day of _Feb._ in the year _2006_ before me personally came _Leonard O'Connor_ to me known, who, being by me duly sworn, did depose and say that he/she/they reside(s) in _150-03  14th Rd._ _WHITESTONE N.Y. 11357_ (if the place of residence is in a city, include the street and street number, if any, thereof); that he/she/they is (are) the president or other officer or director or attorney in fact duly appointed) of the (name of corporation), the corporation described in and which executed the above instrument, and that he/she/they signed his/her/their name(s) thereto by authority of the board of directors of said corporation.

_(Signature)_

(Signature and office of person taking acknowledgment.)

DIMITRA HILAS
NOTARY PUBLIC, STATE OF NEW YORK
NO. 01HI5019549
QUALIFIED IN QUEENS COUNTY
COMMISSION EXPIRES OCT 25, 2009

## UNIFORM ACKNOWLEDGMENT
### (For Use by All Persons and Entities Other Than Corporations)

State of New York )
                                    ) ss.:
County of _____ )

On the _____ day of _____ in the year _____ before me, the undersigned, a Notary Public in and for said State, personally appeared _____, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

_____
(Signature and office of person taking acknowledgment.)

NOTE: In addition, the attached IRS W-9 Form must be completed by the *Assignee* and filed with this Assignment in order for payment to be made to the *Assignee*.

FROM : CYAN CONTRACTING CORP.    FAX NO. : 718-747-1596    Mar. 13 2006 03:50PM  P4

# EXHIBIT H

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

McELROY, DEUTSCH, MULVANEY & CARPENTER, LLP
Wall Street Plaza
88 Pine Street, 24th Floor
New York, NY 10005
(212) 483-9490
Attorneys for Defendant/Third Party Plaintiff,
National Grange Mutual Insurance Company

| | |
|---|---|
| CYAN CONTRACTING CORPORATION and LEONARD O'CONNOR,<br><br>    Plaintiffs,<br><br>    v.<br><br>NATIONAL GRANGE MUTUAL INSURANCE COMPANY,<br><br>    Defendant/ Third Party Plaintiff,<br><br>    v.<br><br>SANDRA O'CONNOR,<br><br>    Third Party Defendant. | Civil Action No. 07-cv-3749<br><br><br><br><br><br><br><br>ANSWER TO AMENDED COMPLAINT,<br>COUNTERCLAIM<br>AND THIRD PARTY COMPLAINT |

ANSWER

National Grange Mutual Insurance Company (hereinafter referred to as "Defendant"),

through its attorneys, McElroy, Deutsch, Mulvaney & Carpenter, LLP, by way of Answer to the

Complaint, says:

JURISDICTION AND VENUE

1.    The allegations contained in Paragraph One of the Complaint contain legal

conclusions to which the Defendant need not respond.  To the extent that the allegations contained in Paragraph One of the Complaint contain factual allegations directed at Defendant, they are denied, except that it is admitted that Defendant is domiciled in the State of Florida.

2.     The allegations contained in Paragraph Two of the Complaint contain legal conclusions to which the Defendant need not respond.  To the extent that the allegations contained in Paragraph Two of the Complaint contain factual allegations directed at Defendant, they are denied.

PARTIES

3.     Defendant is without knowledge or sufficient information with which to admit or deny the allegations contained in Paragraph Three of the Complaint and therefore denies them.

4.     Defendant is without knowledge or sufficient information with which to admit or deny the allegations contained in Paragraph Four of the Complaint and therefore denies them.

5.     Defendant admits the allegations contained in Paragraph Five of the Complaint.

BACKGROUND

6.     In regard to the allegations contained in Paragraph Six of the Complaint, Defendant admits only that Plaintiff, Cyan Contracting Corporation ("Cyan") entered into contracts with the New York State Dormitory Authority ("DASNY") and begs leave to refer to the contracts for an accurate statement of their terms and conditions.  To the extent the remaining allegations are directed at Defendant, they are denied.

7.     In regard to the allegations contained in Paragraph Seven of the Complaint, Defendant admits only that Cyan entered into contracts with DASNY and begs leave to refer to the contracts for an accurate statement of their terms and conditions.  To the extent the remaining allegations are directed at Defendant, they are denied.

2

8.      In regard to the allegations contained in Paragraph Eight of the Complaint, Defendant admits only that it issued certain bonds to Cyan and begs leave to refer to the bonds for an accurate statement of their terms and conditions.  To the extent the remaining allegations are directed at Defendant, they are denied.

9.      In regard to the allegations contained in Paragraph Nine of the Complaint, Defendant admits that Cyan and its indemnitors executed an Agreement of Indemnity in favor of Defendant, and begs leave to refer to the Agreement of Indemnity for an accurate statement of its terms and conditions.

<u>CAUSE OF ACTION #1</u>

10.      Defendant repeats and incorporates Paragraphs One through Nine of this Answer as if fully set forth at length herein.

11.      In regard to the allegations contained in Paragraph Eleven of the Complaint, Defendant admits only that it corresponded with DASNY on March 13, 2006 and begs leave to refer to that correspondence for its content.  To the extent the remaining allegations are directed at Defendant, they are denied.

12.      Defendant is without knowledge or sufficient information with which to admit or deny the allegations contained in Paragraph Twelve of the Complaint and therefore denies them.

13.      Defendant is without knowledge or sufficient information with which to admit or deny the allegations contained in Paragraph Thirteen of the Complaint and therefore denies them.

14.      Defendant denies the allegations contained in Paragraph Fourteen of the Complaint.

15.      Defendant is without knowledge or sufficient information with which to admit or deny the allegations contained in Paragraph Fifteen of the Complaint and therefore denies them.

PDF Creator - PDF4Free v2.0                    http://www.pdf4free.com

16.    In regard to the allegations contained in Paragraph Sixteen of the Complaint, Defendant admits only that Cyan's contract with DASNY for the DNA Laboratory Project was terminated. To the extent the remaining allegations are directed at Defendant, they are denied.

17.    In regard to the allegations contained in Paragraph Seventeen of the Complaint, Defendant admits only that it entered into agreements with DASNY and Cyan for the DNA Laboratory Project and begs leave to refer to the agreements for an accurate statement of their terms and conditions. To the extent the remaining allegations are directed at Defendant, they are denied.

18.    Defendant denies the allegations contained in Paragraph Eighteen of the Complaint.

19.    Defendant denies the allegations contained in Paragraph Nineteen of the Complaint.

20.    Defendant denies the allegations contained in Paragraph Twenty (a) through (h) of the Complaint.

21.    Defendant denies the allegations contained in Paragraph Twenty-One of the Complaint.

22.    In regard to the allegations contained in Paragraph Twenty-Two of the Complaint, Defendant admits only that it corresponded with DASNY in August, 2006, and begs leave to refer to that correspondence for its content. To the extent the remaining allegations are directed at Defendant, they are denied.

23.    Defendant denies the allegations contained in Paragraph Twenty-Three of the Complaint.

4

## CAUSE OF ACTION #2

24.     Defendant repeats and incorporates Paragraphs One through Twenty-Three of this Answer as if fully set forth at length herein.

25.     The allegations contained in Paragraph Twenty-Five of the Complaint contain legal conclusions to which the Defendant need not respond. To the extent that the allegations contained in Paragraph Twenty-Five of the Complaint contain factual allegations directed at Defendant, they are denied.

26.     Defendant denies the allegations contained in Paragraph Twenty-Six of the Complaint.

27.     In regard to the allegations contained in Paragraph Twenty-Seven of the Complaint, Defendant admits only that the respective agreements speak for themselves and Defendant begs leave to refer to the agreements for an accurate statement of their terms and conditions. To the extent the remaining allegations are directed at Defendant, they are denied.

28.     Defendant denies the allegations contained in Paragraph Twenty-Eight of the Complaint.

29.     Defendant denies the allegations contained in Paragraph Twenty-Nine of the Complaint.

## CAUSE OF ACTION #3

30.     Defendant repeats and incorporates Paragraphs One through Twenty-Nine of this Answer as if fully set forth at length herein.

31.     Defendant denies the allegations contained in Paragraph Thirty-One of the Complaint.

32.     In regard to the allegations contained in Paragraph Thirty-Two of the Complaint,

5

Defendant admits only that it retained Integrated Construction Management, Inc. ("ICM") to be Defendant's Authorized Representative with respect to Cyan and the DASNY Projects. To the extent the remaining allegations are directed at Defendant, they are denied.

33.    Defendant denies the allegations contained in Paragraph Thirty-Three of the Complaint.

34.    Defendant denies the allegations contained in Paragraph Thirty-Four of the Complaint.

35.    Defendant denies the allegations contained in Paragraph Thirty-Five of the Complaint.

36.    Defendant denies the allegations contained in Paragraph Thirty-Six of the Complaint.

37.    Defendant denies the allegations contained in Paragraph Thirty-Seven of the Complaint.

38.    The allegations contained in Paragraph Thirty-Eight of the Complaint contain legal conclusions to which the Defendant need not respond. To the extent that the allegations contained in Paragraph Thirty-Eight of the Complaint contain factual allegations directed at Defendant, they are denied.

39.    Defendant denies the allegations contained in Paragraph Thirty-Nine of the Complaint.

<u>CAUSE OF ACTION #4</u>

40.    Defendant repeats and incorporates Paragraphs One through Thirty-Nine of this Answer as if fully set forth at length herein.

41.    In regard to the allegations contained in Paragraph Forty-One of the Complaint,

6

Defendant admits only that it paid a payment bond claim asserted by Power and Process Control, Inc. To the extent the remaining allegations are directed at Defendant, they are denied.

42.    Defendant denies the allegations contained in Paragraph Forty-Two of the Complaint.

43.    In regard to the allegations contained in Paragraph Forty-Three of the Complaint, Defendant admits only that the Agreement of Indemnity speaks for itself and Defendant begs leave to refer to the Agreement of Indemnity for an accurate statement of its terms and conditions. To the extent the remaining allegations are directed at Defendant, they are denied.

44.    Defendant denies the allegations contained in Paragraph Forty-Four of the Complaint.

CAUSE OF ACTION #5

45.    Defendant repeats and incorporates Paragraphs One through Forty-Four of this Answer as if fully set forth at length herein.

46.    Defendant denies the allegations contained in Paragraph Forty-Six of the Complaint.

47.    Defendant denies the allegations contained in Paragraph Forty-Seven of the Complaint.

48.    Defendant denies the allegations contained in Paragraph Forty-Eight of the Complaint.

49.    In regard to the allegations contained in Paragraph Forty-Nine of the Complaint same do not contain allegations to which a response is required.

7

CAUSE OF ACTION #6

50.    Defendant repeats and incorporates Paragraphs One through Forty-Nine of this Answer as if fully set forth at length herein.

51.    In regard to the allegations contained in Paragraph Fifty-One of the Amended Complaint, Defendant admits only that a purported public improvement lien was filed with DASNY and Defendant begs leave to refer to the public improvement lien for an accurate statement of its contents. To the extent the remaining allegations are directed at Defendant, they are denied.

52.    Defendant is without knowledge or sufficient information with which to admit or deny the allegations contained in Paragraph Fifty-Two of the Amended Complaint and therefore denies them.

53.    Defendant is without knowledge or sufficient information with which to admit or deny the allegations contained in Paragraph Fifty-Three of the Amended Complaint and therefore denies them.

54.    The allegations contained in Paragraph Fifty-Four of the Amended Complaint contain legal conclusions to which the Defendant need not respond, in regard to whether or not Defendant was "duly served." To the extent that the allegations contained in Paragraph Fifty-Four of the Amended Complaint contain factual allegations directed at Defendant, they are denied.

55.    Defendant is without knowledge or sufficient information with which to admit or deny the allegations contained in Paragraph Fifty-Five of the Amended Complaint and therefore denies them.

8

56.    Defendant is without knowledge or sufficient information with which to admit or deny the allegations contained in Paragraph Fifty-Six of the Amended Complaint and therefore denies them.

57.    Defendant denies the allegations contained in Paragraph Fifty-Seven of the Amended Complaint.

58.    The allegations contained in Paragraph Fifty-Eight of the Amended Complaint contain legal conclusions to which the Defendant need not respond.  To the extent that the allegations contained in Paragraph Fifty-Eight of the Amended Complaint contain factual allegations directed at Defendant, they are denied.

59.    The allegations contained in Paragraph Fifty-Nine of the Amended Complaint contain legal conclusions to which the Defendant need not respond.  To the extent that the allegations contained in Paragraph Fifty-Nine of the Amended Complaint contain factual allegations directed at Defendant, they are denied.

<u>CAUSE OF ACTION #7</u>

60.    Defendant repeats and incorporates Paragraphs One through Fifty-Nine of this Answer as if fully set forth at length herein.

61.    In regard to the allegations contained in Paragraph Sixty-One of the Amended Complaint, Defendant admits only that a lien bond was issued to Cyan for the claim of Power Process and Defendant begs leave to refer to the lien bond for an accurate statement of its contents.  To the extent the remaining allegations are directed at Defendant, they are denied.

62.    In regard to the allegations contained in Paragraph Sixty-Two of the Amended Complaint, Defendant admits only that a settlement of the claim by Power Process was achieved, and denies the remaining allegations.

9

63.     Defendant denies the allegations contained in Paragraph Sixty-Three of the Amended Complaint.

64.     Defendant denies the allegations contained in Paragraph Sixty-Four of the Amended Complaint.

65.     Defendant denies the allegations contained in Paragraph Sixty-Five of the Amended Complaint.

WHEREFORE, National Grange Mutual Insurance Company denies that Cyan Contracting Corporation and Leonard O'Connor are entitled to any relief sought in the Complaint and demand judgment dismissing the entire Complaint against National Grange Mutual Insurance Company, with prejudice, in addition to attorneys' fees, litigation expenses, costs of suit and other such relief in favor of National Grange Mutual Insurance Company and against Cyan Contracting Corporation and Leonard O'Connor, as the Court may deem just and proper.

<u>AFFIRMATIVE DEFENSES</u>

<u>FIRST AFFIRMATIVE DEFENSE</u>

Plaintiffs' Complaint is barred for failing to state a claim against Defendant upon which relief may be granted.

<u>SECOND AFFIRMATIVE DEFENSE</u>

Plaintiffs' claims are barred or diminished by the terms of the bonds, the Agreement of Indemnity and other agreements, and/or the doctrines of estoppel, release and laches.

<u>THIRD AFFIRMATIVE DEFENSE</u>

Plaintiffs' claims must be dismissed against Defendant by reason of waiver.

<u>FOURTH AFFIRMATIVE DEFENSE</u>

10

Plaintiffs' claims against Defendant are barred by the applicable statute of limitations.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims must be dismissed against Defendant because Plaintiffs failed to mitigate their damages.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims against Defendant are barred or limited by the failure of Plaintiffs to comply with statutory and/or contractual conditions precedent to bringing this action.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims must be dismissed against Defendant because Plaintiffs are estopped by their conduct from bringing this action.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because of nonperformance and/or insufficiency of performance of their contractual obligations.

### NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claim for tortious interference of contract is barred, in whole or in part, because of the "economic interest" defense.

### TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by payment, by accord and satisfaction, and/or by release.

### ELEVENTH AFFIRMATIVE DEFENSE

Defendant expressly reserves all of its rights, whether at law or equity, to amend its Answer to the Complaint to assert any additional separate defense or to assert any affirmative

11

claim against any party or non-party during or upon the completion of investigation and discovery.

COUNTERCLAIM AND THIRD-PARTY COMPLAINT

National Grange Mutual Insurance Company (hereinafter referred to as "NGM"), through its attorneys, McElroy, Deutsch, Mulvaney & Carpenter, LLP, by way of Counterclaim against Plaintiffs, Cyan Contracting Corporation ("Cyan") and Leonard O'Connor, individually, and Third-Party Complaint against Sandra O'Connor, individually (collectively with Leonard O'Connor, the "O'Connors" and collectively with Leonard O'Connor and Cyan, the "Indemnitors"), upon information and belief alleges as follows:

THE PARTIES

1.    NGM is a corporation organized and existing by virtue of the laws of the State of Florida, having its principal place of business at 4601 Touchton Road East, Suite 3400, Jacksonville, FL 32246.

2.    Cyan is a corporation organized and existing by virtue of the laws of the State of New York, having its principal place of business at 150-03 14th Road, 2nd Floor, Whitestone, New York 11357.

3.    Upon information and belief, at all relevant times Leonard O'Connor and Sandra O'Connor maintain residences at 350 Paddock Way, Mattituck, New York and/or 151-05 Cross Island Parkway, Whitestone, New York 11357.

JURISDICTION

4.    This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332 in that this is an action between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

PDF Creator - PDF4Free v2.0                    http://www.pdf4free.com

FIRST COUNT
(Contractual Indemnification)

5.      NGM repeats and realleges Paragraphs 1 through 4 of the Counterclaim/Third-Party Complaint with the same force and effect as if set forth at length herein.

6.      On or about February 18, 2003, in consideration for and in order to induce NGM, as surety, to issue bonds on behalf of Cyan, as principal, the Indemnitors executed and delivered an Agreement of Indemnity (the "Indemnity Agreement") in favor of NGM.

7.      Following the Indemnitors' execution of the Indemnity Agreement, Cyan entered into certain construction contracts with the Dormitory Authority of the State of New York ("DASNY") for which NGM issued certain payment and performance bonds.

8.      On or about May 10, 2006, NGM and the Indemnitors entered into an agreement (the "May 10, 2006 Agreement").

9.      On or about August 26, 2006, Cyan's contract with DASNY for the DNA Laboratory Project was terminated.

10.     As a direct and proximate result of the termination of Cyan's contract on the DNA Laboratory Project, DASNY made a demand against the applicable performance bond.

11.     On or about September 27, 2006, NGM and Cyan entered into a completion agreement (the "Completion Contract") whereby Cyan agreed, among other things, to complete its work on the DNA Laboratory Project.

12.     Pursuant to the Completion Contract, Cyan and Leonard O'Connor re-affirmed their joint and several indemnity obligations to NGM pursuant to the Indemnity Agreement and the May 10, 2006 Agreement.

13

13.    The Indemnitors have failed to honor their obligations under the Indemnity Agreement, the May 10, 2006 Agreement and/or the Completion Contract, and are in breach of the Indemnity Agreement, the May 10, 2006 Agreement and/or the Completion Contract.

14.    As a direct and/or proximate result of the Indemnitors' breach, NGM has been damaged, and NGM has incurred substantial unreimbursed losses, costs and expenses.

15.    NGM will incur additional losses as well as further costs and expenses in connection with bonds that it issued to Cyan.

WHEREFORE, National Grange Mutual Insurance Company demands judgment against Cyan Contracting Corporation, Leonard O'Connor, individually, and Sandra O'Connor, individually, jointly and severally:

a.    for damages, together with appropriate interest thereon;

b.    for an order declaring each of the Indemnitors jointly and severally liable to NGM for all loss, costs, expense, and attorneys' fees incurred or to be incurred by NGM as a result of its having executed the bonds;

c.    for an order compelling the Indemnitors to perform their obligations to NGM under the Indemnity Agreement and the bonds;

d.    for an order directing the Indemnitors to place with NGM collateral in the form of money, property, liens or security interests in property, as determined by NGM to be ample collateral security for its outstanding obligations under the bonds;

e.    for an order compelling the Indemnitors to furnish NGM with any and all information concerning the obligations incurred in connection with any contract for which NGM issued bonds (the "Bonded Contracts");

14

PDF Creator - PDF4Free v2.0                    http://www.pdf4free.com

    f.     for an order compelling the Indemnitors to permit NGM to examine and copy the books, records and accounts of the Indemnitors; and

    g.     for reasonable attorneys' fees, cost of suit, and any other relief that the Court deems just and proper.

15

PDF Creator - PDF4Free v2.0        http://www.pdf4free.com

## SECOND COUNT
### (Subrogation)

16.     NGM repeats and realleges Paragraphs 1 through 15 of the Counterclaim/Third-Party Complaint with the same force and effect as if set forth at length herein.

17.     As a result of having executed the Bonds, NGM has satisfied, and may continue to satisfy claims against the bonds in connection with the Bonded Contracts.

18.     To the extent that NGM has made, or will make, payments to extinguish debts arising from the Bonded Contracts, NGM has, and will, become subrogated to the rights of others who have, will have, or have had, claims against Cyan in connection with the Bonded Contracts.

WHEREFORE, National Grange Mutual Insurance Company demands judgment against Cyan Contracting Corporation, Leonard O'Connor, individually, and Sandra O'Connor, individually, jointly and severally:

a.     for damages in an amount equal to any payments made by NGM to discharge Indemnitors' debts and obligations incurred in connection with the Bonded Contracts;

b.     for an order declaring the Indemnitors liable to NGM in an amount equal to any further payments that NGM becomes obligated to make pursuant to its obligations under the bonds, together with appropriate interest thereon; and

c.     for reasonable attorneys' fees, cost of suit, and any other relief that the Court deems just and proper.

## THIRD COUNT
### (Common Law Indemnification)

19.     NGM repeats and realleges Paragraphs 1 through 18 of the Counterclaim/Third-Party Complaint with the same force and effect as if set forth at length herein.

PDF Creator - PDF4Free v2.0                    http://www.pdf4free.com

20.     As between NGM and the Indemnitors, NGM is secondarily obligated, while the Indemnitors are primarily obligated, and the Indemnitors owe a duty to NGM to procure the discharge of all obligations arising from the bonds.

21.     NGM is entitled to be indemnified by the Indemnitors for any and all loss incurred under the bonds.

22.     The Indemnitors have failed to honor their obligations arising from the bonds, resulting in significant damages to NGM.

WHEREFORE, National Grange Mutual Insurance Company demands judgment against Cyan Contracting Corporation, Leonard O'Connor, individually, and Sandra O'Connor, individually, jointly and severally:

a.     for damages in an amount sufficient to indemnify NGM from any and all liability, cost and expense incurred as a result of its having executed the bonds, together with appropriate interest thereon;

b.     for an order declaring the Indemnitors liable to NGM for any and all liability, loss, cost, expense, and attorneys' fees incurred or to be incurred by NGM as a result of its having executed the bonds; and

c.     for reasonable attorneys' fees, cost of suit, and any other relief that the Court deems just and proper.

FOURTH COUNT
(Exoneration)

23.     NGM repeats and realleges Paragraphs 1 through 22 of the Counterclaim/Third-Party Complaint with the same force and effect as if set forth at length herein.

24.     The Indemnitors are primarily obligated to satisfy all obligations arising from the bonds.

17

25.    NGM has satisfied its obligations and is exposed to further liability as a result of having executed the bonds.

26.    NGM is entitled to be exonerated by the Indemnitors against and from any and all liability or loss arising from the bonds.

27.    The Indemnitors have failed to honor their obligations arising from the bonds resulting in significant damages to NGM.

WHEREFORE, National Grange Mutual Insurance Company demands judgment against Cyan Contracting Corporation, Leonard O'Connor, individually, and Sandra O'Connor, individually, jointly and severally:

a.    for an order compelling the Indemnitors to indemnify and exonerate NGM against and from any and all liability or loss arising from the bonds;

b.    for an order declaring the Indemnitors liable to NGM for any and all liability, loss, cost, expense, or attorneys' fees incurred or to be incurred by NGM as a result of its having executed the bonds;

c.    for an order compelling the Indemnitors to perform their obligations under the Bonded Contracts and the bonds; and

d.    for reasonable attorneys' fees, cost of suit, and any other relief that the Court deems just and proper.

FIFTH COUNT
(Trust Fund Violations and Accounting)

28.    NGM repeats and realleges Paragraphs 1 through 27 of the Counterclaim/Third-Party Complaint with the same force and effect as if set forth at length herein.

29.    All of the Bonded Contracts' funds are and were trust funds either by operation of contract or by operation of law, or both.

18

30.    On information and belief, the Indemnitors breached their fiduciary duties because they received money or proceeds under the Bonded Contracts and failed to use such money or other proceeds for the purposes of performing the Bonded Contracts and discharging the obligation(s) of those performing under the Bonded Contracts.

31.    As a result of the Indemnitors' breach of their trust fund obligations, NGM has been damaged.

WHEREFORE, National Grange Mutual Insurance Company demands judgment against Cyan Contracting Corporation, Leonard O'Connor, individually, and Sandra O'Connor, individually, jointly and severally:

a.    for subrogation in an amount equal to any trust funds that the Indemnitors fail to pay;

b.    for an order compelling the Indemnitors to account for all funds received by them or any of them on the Bonded Contracts;

c.    for an order compelling each Indemnitor to perform his or her obligations to NGM under the Indemnity Agreement and the bonds;

d.    for damages, together with appropriate interest thereon;

e.    for an order compelling the Indemnitors to furnish NGM with any and all information concerning the obligations incurred in connection with the Bonded Contracts;

f.    for an order compelling the Indemnitors to permit NGM to examine and copy the books, records and accounts of the Indemnitors; and

g.    for reasonable attorneys' fees, costs of suit and other relief that the Court deems just and proper.

PDF Creator - PDF4Free v2.0                    http://www.pdf4free.com

McELROY, DEUTSCH, MULVANEY &
CARPENTER, LLP
Attorneys for Defendant and Third Party Plaintiff,
National Grange Mutual Insurance Company


By:     /s Scott A. Levin
        Scott A. Levin (SL-9041)
        Adam R. Schwartz (ARS-8831)
        Wall Street Plaza
        88 Pine Street, 24th Floor
        New York, NY 10005
        (212) 483-9490

Dated: New York, New York
       December 26, 2007

To:    Karl Silverberg, Esq. (KS-3075)
       King & King, LLP
       27-12 37th Avenue
       Long Island City, New York 11101
       (718) 896-6554

20

# EXHIBIT 2

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
--------------------------------------------------------------------X
CYAN CONTRACTING CORPORATION

Index No.  603731/08

Plaintiffs,

- against -

**AFFIDAVIT OF
LEONARD O'CONNOR**

NATIONAL GRANGE MUTUAL
INSURANCE COMPANY,
THE NEW YORK STATE DORMITORY
AUTHORITY

Defendants.
--------------------------------------------------------------------X

STATE OF NEW YORK    )
                     ) ss:
COUNTY OF QUEENS     )

I, Leonard O'Connor, being duly sworn and cautioned, deposes and says:

1. I am president of Cyan Contracting Corp. ("Cyan") and sole shareholder of Cyan.

2. I submit this affidavit in support of Cyan's motion for summary judgment in lieu of a complaint.

3. Cyan installs fire sprinkler and fire suppression systems.

4. Cyan contracted with the Dormitory Authority of the State of New York ("DASNY") for five projects.

5. National Grange Mutual Insurance Company ("National") wrote performance and payment bonds on behalf of Cyan.

6. As part of Cyan's DASNY contracts, DASNY withholds about 5% of contract funds until the end of the project, which funds are known as retainage.

7.  Before DASNY releases Cyan's project retainage, DASNY requires the consent of the surety.

8.  One of the DASNY contracts was the Bellevue Infrastructure project, Contract 97178/CR119 ("Infrastructure Project").

9.  National has failed to provide its consent to reduce Cyan's retainage on the Infrastructure Project.

10. As part of an agreement dated May 10, 2006, Cyan gave to National assignments of Cyan's contract funds on various projects.

11. National brought claims against Cyan in a federal lawsuit claiming Cyan owes National money.

12. National's lawsuit was dismissed with prejudice.

13. As such, there is no justification for National to withhold its consent to reduce Cyan's retainage on the Infrastructure Project.

14. As such, there is no reason for National to maintain its assignments against Cyan's contract funds.

15. If the Infrastructure Project retainage is reduced  so that 1% of project funds is remaining, that will make approximately $190,055.60 available for release to Cyan.

16. The release of these funds will enable the United States Internal Revenue Service to be paid, for which debt the IRS placed a levy on the retainage.

17. Cyan currently has no ability to obtain financing.

18. If DASNY released Cyan's retainage it will help enable Cyan to obtain financing so Cyan can operate its business.

2

19. National's failure to consent to release retainage and National's failure to release its assignments have damaged Cyan.

WHEREFORE Cyan seeks an order directing the entry of summary judgment for the following relief:

a.    An order that the New York State Dormitory Authority ("DASNY") will bear no liability to National by releasing Cyan's Infrastructure Project retainage to Cyan;

b.    An order that DASNY release the Infrastructure Project retainage so that the contract balance is 1%, so that $190,055.60 is released;

c.    An order setting forth a date for a hearing on Cyan's damages against National for National's refusing to provide its consent to reduce retainage on the Infrastructure Project, which damages are in an amount to be proven at a hearing, and which damages are not less than $1 million;

d.    An order nullifying Cyan's assignments to National;

e.    An order that DASNY will bear no liability to National by DASNY releasing funds to Cyan previously assigned to National;

f.    An order that DASNY release project funds previously held under assignment as such funds become available;

g.    An order setting forth a date for a hearing on Cyan's damages against National for National's refusing to release Cyan from its assignment of contract funds, which damages are in an amount to be proven at a hearing, and which damages are not less than $1 million;

h.    That should this motion be denied, that the moving and answering papers shall be

deemed the complaint and answer, respectively; and,

i.      Such other and further relief as this court may deem just and reasonable including

punitive damages, interest, costs, and attorney fees.


_____
Leonard O'Connor


Sworn to this 17th day
of December, 2008

_____
NOTARY PUBLIC

KARL SILVERBERG
NOTARY PUBLIC-STATE OF NEW YORK
No. 02SI6150480
Qualified in Queens County
My Commission Expires July 31, 2010

4