**McELROY, DEUTSCH, MULVANEY & CARPENTER, LLP**
By:   John W. Morris, Esq. (jmorris@mdmc-law.com)
         Adam R. Schwartz, Esq. (aschwartz@mdmc-law.com)
Wall Street Plaza
88 Pine Street, 24th Floor
New York, NY 10005
(212) 483-9490
Attorneys for Defendant,
National Grange Mutual Insurance Company

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CYAN CONTRACTING CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL GRANGE MUTUAL INSURANCE COMPANY, THE NEW YORK STATE DORMITORY AUTHORITY,<br><br>Defendants. | Civil Action No. 09-cv-603 (LAK)<br><br><br><br>**NATIONAL GRANGE MUTUAL INSURANCE COMPANY'S ANSWER TO PLAINTIFF'S NOTICE OF MOTION FOR SUMMARY JUDGMENT IN LIEU OF COMPLAINT** |

National Grange Mutual Insurance Company (hereinafter referred to as "National"), through its attorneys, McElroy, Deutsch, Mulvaney & Carpenter, LLP, by way of Answer to the Notice of Motion for Summary Judgment in Lieu of Complaint filed by Plaintiff, Cyan Contracting Corporation ("Cyan") and removed to this Court by National, says:

### NOTICE OF MOTION FOR SUMMARY JUDGMENT

In regard to the allegations made by Cyan as set forth in the Notice of Motion, National denies the allegations and further denies that Cyan is entitled to the relief which it seeks.

### AFFIRMATION OF KARL SILVERBERG

1.   The allegations contained in Paragraph One of the Affirmation of Karl Silverberg are not directed at National and therefore National need not respond. To the extent that the

allegations contained in Paragraph One contain factual allegations directed at National, they are denied.

2. The allegations contained in Paragraph Two of the Affirmation of Karl Silverberg are not directed at National and therefore National need not respond. To the extent that the allegations contained in Paragraph Two contain factual allegations directed at National, they are denied.

3. National admits the allegations contained in Paragraph Three of the Affirmation of Karl Silverberg.

4. National is without knowledge or sufficient information with which to admit or deny the allegations contained in Paragraph Four of the Affirmation of Karl Silverberg and therefore denies them. National further denies that Cyan has any right to the aforesaid retainage.

5. National denies the allegations contained in Paragraph Five of the Affirmation of Karl Silverberg.

6. The allegations contained in Paragraph Six of the Affirmation of Karl Silverberg are not directed at National and therefore National need not respond. To the extent that the allegations contained in Paragraph Six contain factual allegations directed at National, they are denied.

7. In regard to the allegations contained in Paragraph Seven of the Affirmation of Karl Silverberg, National admits only that Cyan executed certain assignments of contract funds on several projects and National begs leave to refer to the assignments for an accurate statement of their terms and conditions. To the extent that the allegations contained in Paragraph Seven contain factual allegations directed at National, they are denied.

8. The allegations contained in Paragraph Eight of the Affirmation of Karl

Silverberg contain legal conclusions to which the National need not respond.  To the extent that the allegations contained in Paragraph Eight contain factual allegations directed at National, they are denied.

9. The allegations contained in Paragraph Nine of the Affirmation of Karl Silverberg are not directed at National and therefore National need not respond.  To the extent that the allegations contained in Paragraph Nine contain factual allegations directed at National, they are denied.

10. The allegations contained in Paragraph Ten of the Affirmation of Karl Silverberg are not directed at National and therefore National need not respond.  To the extent that the allegations contained in Paragraph Ten contain factual allegations directed at National, they are denied.

11. The allegations contained in Paragraph Eleven of the Affirmation of Karl Silverberg are not directed at National and therefore National need not respond.  To the extent that the allegations contained in Paragraph Eleven contain factual allegations directed at National, they are denied.

12. National denies the allegations contained in Paragraph Twelve of the Affirmation of Karl Silverberg.

13. National denies the allegations contained in Paragraph Thirteen of the Affirmation of Karl Silverberg.

14. National denies the allegations contained in Paragraph Fourteen of the Affirmation of Karl Silverberg.

15. National denies the allegations contained in Paragraph Fifteen of the Affirmation of Karl Silverberg.

16.     The allegations contained in Paragraph Sixteen of the Affirmation of Karl Silverberg contain legal conclusions to which the National need not respond. To the extent that the allegations contained in Paragraph Sixteen contain factual allegations directed at National, they are denied.

17.     The allegations contained in Paragraph Seventeen of the Affirmation of Karl Silverberg are not directed at National and therefore National need not respond. To the extent that the allegations contained in Paragraph Seventeen contain factual allegations directed at National, they are denied.

18.     National is without knowledge or sufficient information with which to admit or deny the allegations contained in Paragraph Eighteen of the Affirmation of Karl Silverberg and therefore denies them.

19.     In regard to the allegations contained in Paragraph Nineteen of the Affirmation of Karl Silverberg, National admits only that Cyan entered into certain contracts with the Dormitory Authority of the State of New York ("DASNY") and National begs leave to refer to the contracts for an accurate statement of their terms and conditions.

20.     In regard to the allegations contained in Paragraph Twenty of the Affirmation of Karl Silverberg, National admits only that it issued payment and performance bonds (the "Bonds") on behalf of Cyan, as principal, and in favor of DASNY, as obligee, in accordance with certain contracts between DASNY and Cyan, and at the explicit request of Cyan, Leonard O'Connor and Sandra O'Connor (collectively, the "Indemnitors"), and National begs leave to refer to the Bonds for an accurate statement of their terms and conditions.

21.     In regard to the allegations contained in Paragraph Twenty-One of the Affirmation of Karl Silverberg, National admits only that the Indemnitors executed an agreement

of indemnity (the "Indemnity Agreement"), in favor of National and begs leave to refer to the Indemnity Agreement for an accurate statement of its terms and conditions.

22. In regard to the allegations contained in Paragraph Twenty-Two of the Affirmation of Karl Silverberg, National admits only that Cyan entered into certain contracts with DASNY and National begs leave to refer to the contracts for an accurate statement of their terms and conditions. To the extent that the allegations contained in Paragraph Twenty-Two allege that Cyan has an entitlement to any retainage, they are denied.

23. In regard to the allegations contained in Paragraph Twenty-Three of the Affirmation of Karl Silverberg, National admits only that Cyan entered into certain contracts with DASNY and National begs leave to refer to the contracts for an accurate statement of their terms and conditions. To the extent that the allegations contained in Paragraph Twenty-Two allege that Cyan has an entitlement to any retainage, they are denied.

24. In regard to the allegations contained in Paragraph Twenty-Four of the Affirmation of Karl Silverberg, National admits only that Cyan entered into a contract with DASNY for a project known as the Bellevue Infrastructure Project.

25. National denies the allegations contained in Paragraph Twenty-Five of the Affirmation of Karl Silverberg.

26. National denies the allegations contained in Paragraph Twenty-Six of the Affirmation of Karl Silverberg.

27. In regard to the allegations contained in Paragraph Twenty-Seven of the Affirmation of Karl Silverberg, National admits only that it entered into an agreement with the Indemnitors on May 10, 2006 (the "May 10, 2006 Agreement"), and begs leave to refer to the May 10, 2006 Agreement for an accurate statement of its terms and conditions.

28. In regard to the allegations contained in Paragraph Twenty-Eight of the Affirmation of Karl Silverberg, National admits only that it entered into the May 10, 2006 Agreement, and begs leave to refer to the May 10, 2006 Agreement for an accurate statement of its terms and conditions.

29. In regard to the allegations contained in Paragraph Twenty-Nine of the Affirmation of Karl Silverberg, National admits only that Cyan executed certain assignments of contract funds on several projects and National begs leave to refer to the assignments for an accurate statement of their terms and conditions. To the extent that the allegations contained in Paragraph Twenty-Nine allege that Cyan has any entitlement to the assigned funds, they are denied.

30. In regard to the allegations contained in Paragraph Thirty of the Affirmation of Karl Silverberg, National admits only that Cyan executed certain assignments of contract funds on several projects and National begs leave to refer to the assignments for an accurate statement of their terms and conditions. To the extent that the allegations contained in Paragraph Twenty-Nine allege that Cyan has any entitlement to the assigned funds, they are denied.

31. In regard to the allegations contained in Paragraph Thirty-One of the Affirmation of Karl Silverberg, National admits only that Cyan executed certain assignments of contract funds on several projects and National begs leave to refer to the assignments for an accurate statement of their terms and conditions. To the extent that the allegations contained in Paragraph Twenty-Nine allege that Cyan has any entitlement to the assigned funds, they are denied.

32. In regard to the allegations contained in Paragraph Thirty-Two of the Affirmation of Karl Silverberg, National admits only that it entered into the May 10, 2006 Agreement, and

begs leave to refer to the May 10, 2006 Agreement for an accurate statement of its terms and conditions.

33. National denies the allegations contained in Paragraph Thirty-Three of the Affirmation of Karl Silverberg.

34. National denies the allegations contained in Paragraph Thirty-Four of the Affirmation of Karl Silverberg.

35. National admits the allegations contained in Paragraph Thirty-Five of the Affirmation of Karl Silverberg.

36. National admits the allegations contained in Paragraph Thirty-Six of the Affirmation of Karl Silverberg.

37. In regard to the allegations contained in Paragraph Thirty-Seven of the Affirmation of Karl Silverberg, National admits only that it filed a Counterclaim against Cyan and Leonard O'Connor and a Third-Party Complaint against Sandra O'Connor (collectively, the "Counterclaim") in the Federal Action filed by Cyan and Leonard O'Connor, and begs leave to refer to the Counterclaim for an accurate statement of its contents.

38. In regard to the allegations contained in Paragraph Thirty-Eight (and its subparts) of the Affirmation of Karl Silverberg, National admits only that it filed the Counterclaim and begs leave to refer to the Counterclaim for an accurate statement of its contents.

39. In regard to the allegations contained in Paragraph Thirty-Nine (and its subparts) of the Affirmation of Karl Silverberg, National admits only that it filed the Counterclaim and begs leave to refer to the Counterclaim for an accurate statement of its contents.

40. In regard to the allegations contained in Paragraph Forty (and its subparts) of the Affirmation of Karl Silverberg, National admits only that it filed the Counterclaim and begs

leave to refer to the Counterclaim for an accurate statement of its contents.

41. In regard to the allegations contained in Paragraph Forty-One (and its subparts) of the Affirmation of Karl Silverberg, National admits only that it filed the Counterclaim and begs leave to refer to the Counterclaim for an accurate statement of its contents.

42. The allegations contained in Paragraph Forty-Two of the Affirmation of Karl Silverberg contain legal conclusions to which National need not respond.

43. National denies the allegations contained in Paragraph Forty-Three of the Affirmation of Karl Silverberg.

## AFFIDAVIT OF LEONARD O'CONNOR

1. National is without knowledge or sufficient information with which to admit or deny the allegations contained in Paragraph One of the Affidavit of Leonard O'Connor and therefore denies them.

2. The allegations contained in Paragraph Two of the Affidavit of Leonard O'Connor are not directed at National and therefore National need not respond. To the extent that the allegations contained in Paragraph Two contain factual allegations directed at National, they are denied.

3. National is without knowledge or sufficient information with which to admit or deny the allegations contained in Paragraph Three of the Affidavit of Leonard O'Connor and therefore denies them.

4. In regard to the allegations contained in Paragraph Four of the Affidavit of Leonard O'Connor, National admits only that Cyan entered into certain contracts with DASNY and National begs leave to refer to the contracts for an accurate statement of their terms and conditions.

5. In regard to the allegations contained in Paragraph Five of the Affidavit of Leonard O'Connor, National admits only that it issued the Bonds on behalf of Cyan, as principal, and in favor of DASNY, as obligee, in accordance with certain contracts between DASNY and Cyan, and at the explicit request of the Indemnitors, and National begs leave to refer to the Bonds for an accurate statement of their terms and conditions.

6. In regard to the allegations contained in Paragraph Six of the Affidavit of Leonard O'Connor, National admits only that Cyan entered into certain contracts with DASNY and National begs leave to refer to the contracts for an accurate statement of their terms and conditions. To the extent that the allegations contained in Paragraph Six allege that Cyan has an entitlement to any retainage, they are denied.

7. In regard to the allegations contained in Paragraph Seven of the Affidavit of Leonard O'Connor, National admits only that Cyan entered into certain contracts with DASNY and National begs leave to refer to the contracts for an accurate statement of their terms and conditions. To the extent that the allegations contained in Paragraph Seven allege that Cyan has an entitlement to any retainage, they are denied.

8. In regard to the allegations contained in Paragraph Eight of the Affidavit of Leonard O'Connor, National admits only that Cyan entered into a contract with DASNY for a project known as the Bellevue Infrastructure Project.

9. National denies the allegations contained in Paragraph Nine of the Affidavit of Leonard O'Connor.

10. In regard to the allegations contained in Paragraph Ten of the Affidavit of Leonard O'Connor, National admits only that it entered into the May 10, 2006 Agreement, and

begs leave to refer to the May 10, 2006 Agreement for an accurate statement of its terms and conditions.

11. In regard to the allegations contained in Paragraph Eleven of the Affidavit of Leonard O'Connor, National admits only that it filed the Counterclaim in the Federal Action filed by Cyan and Leonard O'Connor, and begs leave to refer to the Counterclaim for an accurate statement of its contents.

12. The allegations contained in Paragraph Twelve of the Affidavit of Leonard O'Connor contain legal conclusions to which National need not respond.

13. National denies the allegations contained in Paragraph Thirteen of the Affidavit of Leonard O'Connor.

14. National denies the allegations contained in Paragraph Fourteen of the Affidavit of Leonard O'Connor.

15. National denies the allegations contained in Paragraph Fifteen of the Affidavit of Leonard O'Connor.

16. The allegations contained in Paragraph Sixteen of the Affidavit of Leonard O'Connor contain legal conclusions to which National need not respond.

17. National is without knowledge or sufficient information with which to admit or deny the allegations contained in Paragraph Seventeen of the Affidavit of Leonard O'Connor and therefore denies them.

18. National denies the allegations contained in Paragraph Eighteen of the Affidavit of Leonard O'Connor.

19. National denies the allegations contained in Paragraph Nineteen of the Affidavit of Leonard O'Connor.

WHEREFORE, National Grange Mutual Insurance Company denies that Cyan Contracting Corporation is entitled to any relief sought in the Notice of Motion for Summary Judgment in Lieu of Complaint and demand judgment dismissing the entire Motion against National Grange Mutual Insurance Company, with prejudice, in addition to attorneys' fees, litigation expenses, costs of suit and other such relief in favor of National Grange Mutual Insurance Company and against Cyan Contracting Corporation as the Court may deem just and proper.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Cyan's Notice of Motion for Summary Judgment in Lieu of Complaint is barred for failing to state a claim against National upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Cyan's Notice of Motion for Summary Judgment in Lieu of Complaint is barred or diminished by the terms of the Bonds, the Indemnity Agreement and other agreements.

### THIRD AFFIRMATIVE DEFENSE

Cyan's Notice of Motion for Summary Judgment in Lieu of Complaint must be dismissed against National by reason of waiver.

### FOURTH AFFIRMATIVE DEFENSE

Cyan's Notice of Motion for Summary Judgment in Lieu of Complaint must be dismissed by virtue of Cyan's failure to comply with NY CPLR § 3213.

### FIFTH AFFIRMATIVE DEFENSE

Cyan's Notice of Motion for Summary Judgment in Lieu of Complaint must be dismissed as Cyan is estopped by its conduct from asserting its claims.

## SIXTH AFFIRMATIVE DEFENSE

Cyan's Notice of Motion for Summary Judgment in Lieu of Complaint must be dismissed against National because of the Doctrine of Unclean Hands.

## SEVENTH AFFIRMATIVE DEFENSE

Cyan's Notice of Motion for Summary Judgment in Lieu of Complaint is barred by another pending action.

## EIGHTH AFFIRMATIVE DEFENSE

Cyan's Notice of Motion for Summary Judgment in Lieu of Complaint must be dismissed as Cyan does not have an entitlement to the funds being held by DASNY.

## NINTH AFFIRMATIVE DEFENSE

Cyan's Notice of Motion for Summary Judgment in Lieu of Complaint is barred, in whole or in part, because of nonperformance and/or insufficiency of performance of Cyan's contractual obligations.

## TENTH AFFIRMATIVE DEFENSE

Cyan's Notice of Motion for Summary Judgment in Lieu of Complaint must be dismissed as against DASNY as DASNY is a mere stakeholder and not a party-in-interest.

## ELEVENTH AFFIRMATIVE DEFENSE

Cyan's Notice of Motion for Summary Judgment in Lieu of Complaint must be dismissed because of Cyan's failure to mitigate its damages.

## TWELFTH AFFIRMATIVE DEFENSE

Cyan's Notice of Motion for Summary Judgment in Lieu of Complaint must be dismissed as National has no obligation to provide its consent to reduce retainage being held by DASNY.

### THIRTEENTH AFFIRMATIVE DEFENSE

Cyan's Notice of Motion for Summary Judgment in Lieu of Complaint must be dismissed as Cyan's claim for damages is frivolous.

### FOURTEENTH AFFIRMATIVE DEFENSE

Cyan's Notice of Motion for Summary Judgment in Lieu of Complaint must be dismissed because the claims raised by Cyan were the subject of a settlement between the Parties.

### FIFTEENTH AFFIRMATIVE DEFENSE

Cyan's Notice of Motion for Summary Judgment in Lieu of Complaint fails to conform to federal practice.

### SIXTEENTH AFFIRMATIVE DEFENSE

Cyan's Notice of Motion for Summary Judgment in Lieu of Complaint is barred by release.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Cyan's Notice of Motion for Summary Judgment in Lieu of Complaint is barred by a prior agreement.

### EIGHTTEENTH AFFIRMATIVE DEFENSE

Cyan's Notice of Motion for Summary Judgment in Lieu of Complaint is barred by National's priority to the funds held by DASNY.

### NINETEENTH AFFIRMATIVE DEFENSE

Cyan's Notice of Motion for Summary Judgment in Lieu of Complaint is barred by set-off.

### TWENTIETH AFFIRMATIVE DEFENSE

In the alternative, Cyan's Notice of Motion for Summary Judgment in Lieu of Complaint may be barred by the Doctrine of Res Judicata.

### RESERVATION OF RIGHTS

National expressly reserves all of its rights, whether at law or equity, to amend its Answer to the Notice of Motion for Summary Judgment in Lieu of Complaint to assert any additional separate defense or to assert any affirmative claim against any party or non-party during or upon the completion of investigation and discovery.

**McELROY, DEUTSCH, MULVANEY & CARPENTER, LLP**

By:      s/ _____
John W. Morris, Esq.
jmorris@mdmc-law.com
Adam R. Schwartz, Esq.
aschwartz@mdmc-law.com
Wall Street Plaza
88 Pine Street, 24th Floor
New York, NY 10005
(212) 483-9490

Attorneys for Defendant,
National Grange Mutual Insurance Company

Dated: New York, New York
January 28, 2009

To:  Karl Silverberg, Esq. (KS-3075)
King & King, LLP
27-12 37th Avenue
Long Island City, New York 11101
(718) 896-6554